# Ilgenfritz's Appeal.

The grandchildren of an intestate take their share of his estate by substitution, not through, but paramount to, their parent. Hence it is not subject to their father's debts, where he dies before such intestate.

APPEAL from the Orphans' Court of *York* county.

The facts of this case are fully set forth in the following petition.

To the Honourable the Judges of the Supreme Court of the County of York.—The petition of the administrators of the estate of Samuel Ilgenfritz, sr., late of the borough of York, deceased, respectfully showeth—That the said deceased died intestate, seised of certain real estate, and possessed of personal estate—that the personal estate has not yet been settled, and that the real estate was divided and appraised by an inquest awarded by the court, and all the heirs refusing the same at the valuation, and praying a sale, a sale was accordingly ordered, and was made by the administrators, and on the thirty-first day of March last, the sale of every part of said real estate was duly confirmed, and on a distribution of the

proceeds of such sales, on the first day of April last, the share of each heir was ascertained as due on that day, to be 276 dollars 87 cents. George Ilgenfritz, who was a son of the said intestate, died before his father, and his three minor children are his legal representatives, entitled to one share in right of their father. That the said George Ilgenfritz, who died insolvent, was indebted to his said father by judgment, which continued due at the death of his said father, and on the first day of April aforesaid, did amount to the sum of 607 dollars. Your petitioners further represent that it is ascertained that the personal estate will not exceed 150 dollars, as the distributive share of a child, including in such estimate, claims which are doubtful, so that if your petitioners may legally retain the share appropriated to the children of the said George Ilgenfritz, it will necessarily require the application of the share or proportion due on the 1st of April last.

They, therefore, pray that the court will order that the said share, or proportion, so due on the first of April last, may be retained and applied to the payment of so much of the said debt owing to the estate of said intestate.

JACOB EMMITT,
G. P. ZEIGLER,

Administrators of S. Ilgenfritz, deceased.

The court (Durkee, president) decreed against the prayer of the petitioners.

*Barnitz,* for appellant, cited act of 1832, *Pamph. Laws* 316, Yohe *v.* Barnet, 1 *Binn.* 364.

*Evans* and *Chapan,* contra, stopped by the court.

PER CURIAM.—The grandchildren of an intestate take, by substitution, not through, but paramount to, their parent. The law designates them as persons to take a title derived, not from the parent, but immediately from the intestate. The property never was in the parent; consequently they did not inherit from him what he had not. If the administrators could come upon the fund in their hands as the representatives of the parent's creditor, it is obvious that all his other creditors might do the same—a consequence not to be pretended. The court was, therefore, bound to dismiss the petition.

Decree affirmed.