J. J. POWERS, GUARDIAN, v. H. M. MORRISON, ADMINISTRATOR.

No. 271.

**Law of Descent—Grandson.**

Intestate left children and a grandson, whose father was dead, as heirs. The father of the grandchild had died largely indebted to intestate. *Held*, that the grandchild was not chargeable in the partition with the debt of his father to his grandfather. Such is the construction given to article 1652, Revised Statutes ............................................................ 139

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Henderson County.

*Richardson & Watkins*, for plaintiff in error.—1. The law of descent and distribution is statutory and arbitrary, and the grandchild is as much an heir and takes as directly from his grandfather as a child, and under the language of the statutes stands in the same relation, and

being in no way responsible for his father's debts, his distributive share can not be set off by it.   Kendall v. Mondell, 67 Md., 444, 447; Laws. on Prop. Rights, p. 5080; Yancy v. Batte, 48 Texas, 46; Rev. Stats., arts. 1645, 1652, 1653.

2.   A grandchild's interest by inheritance can not be set off by a debt due by his father to his grandfather.   Sedgwick v. Minot, 6 Allen (Mass.), 171; Howland v. Howland, 77 Mass., 469; Valentine v. Breed, 100 Mass., 273; Osgood v. Breed, 17 Mass., 356; Bruce v. Grissom, 9 Hun, 280; 2 Pom. Eq. Jur., sec. 553; 6 Laws. Rights and Rem., p. 5074; Ilgenfritz's appeal, 5 Watts (Pa.), 25; Chaney's appeal, Am. Dig. Ann., 1892, p. 1514, sec. 103; Kendall v. Mondell, 67 Md., 444.

*J. J. Faulk* and *W. L. Faulk*, for defendant in error.—1.   When the heirs of an estate stand in the same degree, they take per capita; where they are of different degrees, they take per stirpes:

(1)   Where none but the immediate children of a decedent are living at date of his death, they take per capita.

(2)   Where none of the immediate children are living at date of the death of decedent, but only grandchildren, said grandchildren will also take per capita; that is to say, not by representation through their immediate ancestor, but directly in their own rights.

(3)   Where a part of the children of decedent are living at date of his death and a part are dead, who leave surviving children, the said grandchildren take not in their own right, but per stirpes, or by representation, as used by some authorities.   And when an heir takes per stirpes he inherits his immediate ancestor's share, just as the ancestor would if living, incumbered with any advancements or debts. 2 Kent's Com., p. 531; Schoul. on Exec. and Adm., 2 ed., sec. 498; Hughes' appeal, 57 Pa. St., 179; Ernest v. Ernest, 5 Rawle (Pa.), 213; Persons' appeal, 74 Pa. St., 123; 2 Jones' Eq., p. 43; Levering v. Rittenhouse, 4 Whart., 137; 63 N. H., 65; 7 Am. and Eng. Encyc. of Law, p. 259, note 1; Id., p. 316; U. S. Dig., 1892, p. 1514, sec. 102; Id., 1890, p. 1523, secs. 420–422.

2.   An executor or administrator may retain a legacy or distributive share in whole or in part in satisfaction of a debt due from the legatee or distributee.   2 Kent's Com., p. 531; Schoul. on Exec. and Adm., 2 ed., sec. 498; Hughes' appeal, 57 Pa. St., 179; Ernest v. Ernest, 5 Rawle (Pa.), 213; Persons' appeal, 74 Pa. St., 123; 2 Jones' Eq., 43; Levering v. Rittenhouse, 4 Whart., 137; 63 N. H., 65; 7 Am. and Eng. Encyc. of Law, p. 259, note 1; Id., p. 316; U. S. Dig., 1892, p. 1514, secs. 102, 103; Id., 1890, p. 1523, secs. 420–422.

3.   There being no statement of facts in this case, this court will presume that there was sufficient testimony introduced upon which the court below based its findings.   And in the absence of a statement of facts, the conclusions of fact filed by the trial judge are taken as the statement of facts.   Chance v. Branch, 58 Texas, 490; Portis v. Cochrane, 1 Texas, 77; Curry v. York, 3 Texas, 357; Cochran v. Kellum,

4 Texas, 120; Walling v. Kinnard, 10 Texas, 508; Bond v. Mallow, 17 Texas, 636; Arnold v. Williams, 21 Texas, 413; St. Clair v. McGehee, 22 Texas, 5; Smith v. Allen, 28 Texas, 497; Wallace & Co. v. Bogel & Bro., 62 Texas, 636; Elwell v. Universalist Church, 63 Texas, 220.

*Faulk & Faulk* and *Leake, Henry & Reeves*, on motion for rehearing. It is a well settled rule of descent, that the nearest of kin to the ancestor, who are alive at the death of the ancestor, constitute the basis of distribution, who take in their own right, while those in the second degree take by representation. The following rules or canons of descent are deducible from the doctrine laid down by the most eminent English and American text writers:

1. The degrees of consanguinity: In the descending line, children constitute the first degree, grandchildren the second degree, and so on to the remotest degrees. Each degree is complete and distinct. Each one may become the basis of distribution in certain contingencies.

2. If a person dying seized or as owner of land, leaves lawful issue of different degrees of consanguinity, the inheritance shall descend to the children and grandchildren of the ancestor, if any be living, or to the issue of such children or grandchildren as shall be dead, and so to the remotest degree as tenants in common.

3. Persons of equal degree of consanguinity to the ancestor inherit per capita, or share and share alike; those of unequal degrees, per stirpes, or by the right of representation. The inheritance always goes to the next of kin of whatever degree. If any degree is vacant, the persons composing it having died before the ancestor, then the next degree in order inherits in its own right and as next of kin, becoming themselves principals, sharing the inheritance per capita, or share and share alike, they being now the next in degree to the ancestor in their own right, and not by the right of representation.

4. The nearest degree remaining in being at the death of the ancestor is always made the basis of distribution. If children are alive, they form the basis, taking per capita if children only are alive; taking per stirpes if children and the descendants of children are alive. If grandchildren only are alive, the children all having died before the ancestor, such grandchildren as next in degree and of kin are entitled in their own right to the inheritance—become the basis of distribution. They no longer inherit jure representationis, but in their own right as lineal heirs and next of kin to the ancestor.

5. The death before the ancestor of all the persons composing a degree operates to advance the next degree in order one step nearer to the ancestor, and to substitute them in the place thus vacated. The death before the ancestor of all the children operates to advance the grandchildren to the first degree from the ancestor, and to substitute them in their own right in the places of the children; and the persons thus advanced take equally in their own right, and upon the death of

any of them, his or her children take the share their father would have taken, if alive.

6. Distributees, however far removed in degree from the ancestor, if equal in degree, inherit equally; if unequal in degree, they take per stirpes; those equal in degree and nearest in degree to the ancestor taking equal shares in their own right, while those of unequal degrees and one step further removed from the ancestor, take only the shares their parents would have taken if alive. If children and grandchildren are alive, the children take equal shares and the grandchildren the shares of their parents. If grandchildren only are alive, they take equally as next of kin. If grandchildren and great-grandchildren are alive, the children having all died before the ancestor, the grandchildren take equal shares, and the great-grandchildren what their parents would have taken, if alive. The first class take in their own right as next of kin. The latter class take in their representative capacity the shares their parents would have taken, had they survived the ancestor.

The following authorities are cited, which fully sustain the opinion: 2 Cooley's Blackst., 217–517; Walker's Am. Law, 346; 2 Kent's Com., 422–425; 2 Redf. on Wills, 905; Williams on Executors, 1348; Pond v. Bergh, 10 Paige, 140; 1 Bouv. Law Dic., 411; Brown v. Taylor, 62 Ind., 296.

Where the intestate leaves grandchildren only, they inherit directly from their grandfather or mother. They are next of kin to their grandfather or grandmother, and inherit per capita and not per stirpes (Cox v. Cox, 44 Indiana, 368), and are not chargeable with advancements made to their respective parents.

But where there are children and grandchildren of the deceased, the parent of grandchildren being dead, the grandchildren take per stirpes and not per capita. They take the share that would come to their immediate ancestor, if he were living, and would of course be affected by an advancement made to that ancestor through whom they inherit. In the one case the grandchild inherits directly from his grandparent. In the other, he inherits by representation through his father or mother.

It is only where he inherits by representation through his father or mother that he can be affected by an advancement to his father or mother.

GAINES, CHIEF JUSTICE.—This controversy arose in the County Court of Henderson County during the course of a proceeding for the partition and distribution of the estate of N. P. Coleman, deceased. Coleman died intestate, and defendant in error, Morrison, became the administrator of his estate. He left surviving him a widow and five children. One of the intestate's children died before his father, leaving a minor son, who is the plaintiff in error in this court. The deceased son, at the time of his death, was indebted to his father in a sum which was found to exceed the interest he would have inherited

in the estate, had he survived his father.   The case was appealed from the County Court to the District Court, where it was adjudged, that the share of the grandchild in the estate of his grandfather was subject to be offset by his father's debt to the estate, and that therefore he should take nothing in partition.   The judgment of the District Court was affirmed by the Court of Civil Appeals.

Was the grandchild chargeable in partition with the debt of his father to his grandfather?   This is the sole question presented for our determination.   The right of succession in this State is the creature of statutory law, and therefore the decision of the question depends upon the construction of our statutes of descent and distribution. When one dies intestate in this State, the statute casts the title of all his property, both real and personal, directly upon his heirs.   The provision which applies immediately to the question before us is as follows:   "When the intestate's children, or brothers and sisters, uncles and aunts, or other relations of the deceased, standing in the same degree alone, come into the partition, they shall take per capita, that is to say, by persons; and when a part of them being dead and a part living, the descendants of those dead have a right to partition, and such descendants shall inherit only such portion of said property as the parent through whom they inherit would be entitled to if alive." 1 Sayles' Ann. Stats., art. 1652.   We are of the opinion, that the sole purpose of the article was to declare under what circumstances those entitled to the inheritance should take per capita, and under what contingencies they should take per stirpes.   Such is the intention plainly manifested upon the face of the provision, and we find nothing in the language employed to indicate a further purpose, that when they take per stirpes those standing in the remoter degree should be subject to the liabilities of their ancestors.   The plaintiff in error in this case is entitled under the statute to the share which his father would have taken, if alive, at the death of the intestate.   This share would have been one-sixth of the property which descended to the children of the deceased.   If the son of the intestate had survived his father and had not paid his debt to the estate, in the adjustment of the equities between him and his coheirs, his share would have been set off by the debt.   His portion of the estate would simply have been credited upon his obligation.   If he had survived and had paid his debt to the administrator, he would have been entitled to an equal distribution with his brothers and sisters.   If his estate had been solvent, it would have been the duty of the administrator to collect the debt, and it would have been the right of plaintiff in error to receive the share of the estate which he would have inherited, if alive.   If, on the other hand, his estate had been solvent, and his debt had not been paid, and the plaintiff in error had received from his estate property subject to the payment of his debts, equal in value to the amount of the debt, then the latter would have become liable for the discharge of his obligation, and that liability could have been set off against the share of the

estate he would otherwise have been entitled to receive. But the estate of his deceased father being insolvent, the plaintiff in error received no property from it which rendered him liable to the payment of the debts against it; and therefore he owes his grandfather's estate nothing, and there is no liability of his own to be set off against his share in the estate.

It does not follow, that because the father of plaintiff in error, if he had been alive at the death of his intestate, would have had to account in settlement for his debt, that he would not have recovered his due share of the estate. He would not have been permitted to assert that his debt to the estate was of no value, though under other circumstances it may have been worthless. If alive, he would have received his full share in his debt. Being dead, since his child did not owe the debt, the latter was entitled to receive his share without accounting for the liability of his father.

It is clear, that if the intestate had left only grandchildren, the plaintiff in error would have received his full share, although the immediate ancestors of the other grandchildren had owed nothing to the grandfather's estate; and why a different rule should prevail when he takes per stirpes and not per capita, we do not see.

In Kendall v. Mondell, 47 Maryland, 444, a similar question came up for determination. It appears from the opinion of the court in that case that the code of Maryland provides, "that if a father or mother be dead, the children of such father or mother shall receive the same share of the estate as the father or mother if living would have been entitled to, and no more." The contest was between a sister of the intestate and the children of another sister. The mother of the children was indebted to the intestate, and died first. The attempt was to set off the indebtedness against the children's share in the estate, and it was held, that it could not be done.

Under a statute substantially the same as our own, the Supreme Court of Massachusetts held, that an heir who takes per stirpes takes directly from the intestate and in his own right, and not through and in right of his immediate ancestor. Sedgwick v. Minot, 6 Allen, 171; Howland v. Howland (Gray), 77 Mass., 469; Valentine v. Borden, 100 Mass., 273.

On the other hand, the Supreme Court of Pennsylvania, construing the statute of that State, hold, that the heir in such a case represents his immediate ancestor and inherits his rights, and that accordingly a debt due by such ancestor to the intestate may be set off against the heir's interest in the estate. Ernest v. Ernest, 5 Rawle, 213; McConkey v. McConkey, 9 Watts, 353; Hughes' appeal, 57 Pa. St., 179. The statute of Pennsylvania reads as follows: "The issue of such deceased child shall take by representation of their parents, respectively, such share only as would have descended to such parents had they been living at the death of the intestate." It may be doubted whether this demands a construction different from that which should be placed

upon the statute of our own State. But the Pennsylvania court lay stress upon the fact that their statute declares that the heir shall take by representation. In Ernest v. Ernest, supra, they say: "As the plaintiffs entitle themselves as representing their parents only, they must take the share which descended to them, with all the burden, had their parent been living." In the subsequent case of Ilgenfritz's appeal, 5 Watts, 25, a contrary ruling was made; but in McConkey v. McConkey this case was expressly overruled, the court saying: "Ilgenfritz's appeal was decided without adverting to the statute of 1833, which declares, that issue of such deceased child, grandchild or other descendant, shall take *by representation of their parents*, respectively, such share as would have descended to such parents, had they been living, at the death of the intestate. On this principle of representation, and not of substitution, had been decided Ernest v. Ernest; and the oversight in Ilgenfritz's appeal is one for which it is difficult to account." In Hughes' appeal, supra, the doctrine of Ernest v. Ernest and of McConkey v. McConkey was reaffirmed—rather upon the ground, as it seems to us, that the law had been settled, than that the question had been correctly determined. We are not prepared to say what weight ought to have been given to the words in the statute of Pennsylvania upon which the determination of these cases seem to have turned; but leaving those words out of view, it seems to us the opinion in the overruled case can not be successfully answered. The court there say: "The grandchildren of an intestate take by substitution, not through, but paramount to their parent. The law designates them as a person to take a title, derived not from the parent, but immediately from the intestate. The property never was in the parent, and consequently they did not inherit from him what he had not. If the administrator could come upon the funds in their hands as the representative of the parent's creditor, it is obvious that all other creditors might do the same—a consequence not to be pretended." At least as applied to our statute, we think this an accurate statement of the law. The argument is as forcible as it is terse.

Our conclusion is, that the plaintiff in error is entitled to receive his full share of the estate, without accounting for his father's debt.

The judgments of the District Court and the Court of Civil Appeals are reversed, and the cause remanded to the District Court for further proceedings in accordance with our opinion.

*Reversed and remanded.*

Delivered April 8, 1895.