**MOW et al. v. BAKER et al.   (No. 7296.)**

Court of Civil Appeals of Texas.   Austin.
Dec. 19, 1928.

Rehearing Denied Jan. 9, 1929.

1092

Dibrell ·& Starnes, of Coleman, for appellants.

W. Marcus Weatherred, of Coleman, for appellees.

BAUGH, J. W. B. Baker was married twice. His first wife died intestate in 1891. From that marriage were born two sons and three daughters. He was married again in 1892, to Sallie Baker, from which marriage three children were born prior to 1907. In August, 1907, he and his second wife, one of the appellees herein, made a settlement agreement in writing with all the children of the first wife, section 2 of which provided: "That it is the desire of the parties hereto and it is the purpose of this instrument to effect a settlement and division of all right, title and interest that each of them has to the estate of the said Mrs. M. C. Baker, deceased, and on the part of the said children of the said W. B. Baker, it is their purpose to release all claims that they may have now or may hereafter have to any part of the estate now owned or heretofore acquired by him, the said W. B. Baker."

Section 3, in consideration of $1,000 to each of them paid, conveyed to W. B. Baker all the interest of each of said children in their mother's estate.

Section 4 read as follows: "That for the consideration so received by them, as above set out, the said Mary Mow, joined by her husband, Emma Stovall joined by her husband, and Callie Templeton joined by her husband, Luther Templeton, W. T. Baker and George Baker, have and by these presents do agree to and accept the sum by each of them received as an advancement in settlement of all interest that they and each of them may and shall be entitled to in the estate of the said W. B. Baker at the time of and after his death, and agree that in consideration of such advancement that the other persons who would now be or may be at the time of the death of said W. B. Baker, his heirs under the laws of Texas, shall receive all of the estate to the said W. B. Baker at the time of his death and thereafter that he now owns or may hereafter acquire to the exclusion of the children of said W. B. Baker who sign this instrument and their descendants."

This instrument was signed and acknowledged by all the parties thereto, and recorded on August 23, 1907, in the deed records of Coleman county.

Emma Stovall, one of the daughters of the first marriage, died intestate in 1913, leaving her husband and four minor children as her survivors. W. B. Baker died intestate in 1924. After his death this suit was filed by the two daughters of the first marriage, joined by their husbands, and the four surviving children of the other daughter, deceased, against the second wife of W. B. Baker and her three children, and against the two sons of the first marriage who refused to join them as plaintiffs, seeking a partition of certain separate property of the said W. B. Baker, deceased, and of the community property of himself and his first wife. From a judgment against them, which also quieted title to said property in the second wife and her children, this appeal is prosecuted.

Two contentions are presented by appellants: One, that the purported conveyance by the children of the first marriage to their father of their expectancy in his estate was not based upon a valid and adequate consideration. Second, that the children of Emma Stovall, who predeceased her father, inherited directly from their grandfather, and not through their mother, and that their mother's conveyance of her expectancy was not binding on them; that is, that they inherited from him the same estate they would have received had she not conveyed her expectancy.

There is no merit in appellants' contention that said instrument conveyed to W. B. Baker only the children's interest in the estate of their deceased mother. There was no proof to that effect, and the instrument itself expressly recites the contrary.

██ This instrument is clear and unambiguous, and recites a consideration of $1,000 cash paid to each of the grantors. There was no evidence that this consideration was not paid. Want of consideration was pleaded under oath, but the burden of proving such want of consideration still rested upon the appellants. Newton v. Newton, 77 Tex. 508, 14 S. W. 157; Baker v. Westcott, 73 Tex. 129, 11 S. W. 157; Mayfield v. Eubank (Tex. Civ. App.) 278 S. W. 243. This burden appellants wholly failed to discharge. J. R. Stovall testified as to the value of certain land in 1907, which Baker owned when his first wife died in 1891. His testimony clearly shows, however, that he did not know its market value either then or in 1891. Nor was it shown whether this land had been paid for, nor what community debts there were when his first

wife died. There was testimony that W. B. Baker was then in debt.

■ Nor did the market value of the lands in question in 1907, when the expectancy was conveyed, or released, determine the adequacy of a consideration for that conveyance. The length of time the parent might live after such advancement, the possibility that the child might predecease the parent (as one here involved did), and the contingency that the father, at his death, might not have any estate, or might dispose of it otherwise than under the laws of descent and distribution, if he did have, all are elements to be considered in determining the adequacy of such consideration, and the children themselves are usually in the best position to determine that matter.

■ It is now well settled in this state that a child may relinquish or convey his expectancy in the estate of his parents. Zarate v. Villareal (Tex. Civ. App.) 155 S. W. 328; Martin v. Martin (Tex. Civ. App.) 222 S. W. 291. In some states there is made a distinction between a conveyance of such expectancy to the ancestor and a conveyance to third parties, but we are not concerned with that here. The case on which appellants chiefly rely was a conveyance by the heir to a third party. Johnson v. Breeding, 136 Tenn. 528, 190 S. W. 545, L. R. A. 1917C, 266. Under the annotations in L. R. A. in that case, the rule, with citation of numerous authorities to sustain it, is announced as follows: "Where there is a release by an heir to his ancestor, for a valuable consideration, of the right of inheritance, and the releasor dies before his ancestor, the question whether the releasor's children will share in the estate of his ancestor depends upon the doctrine of advancements. If the consideration for the release is considered to be an advancement in full, the releasor's children will be barred."

Numerous annotations under Plyant v. Burns, 28 A. L. R. 446, also sustain this rule. See, also, 1 R. C. L. § 32, p. 675. 18 C. J. 914, lays down the following, sustained by numerous authorities: "Where an intestate has made an advancement to one of several children who dies before him, the question whether surviving children of the donee are chargeable with the advancement in the distribution of the donor's estate depends upon whether the donor leaves grandchildren only or grandchildren and children also. If only grandchildren survive the donor, the children of the donee are not chargeable as against the other grandchildren with the advancement made to their parent; but if the donor leaves both children and grandchildren, the latter are so chargeable."

In addition to being a settlement with said children for their interest in the estate of their deceased mother, the $1,000 paid each by W. B. Baker was also clearly an advancement by him to each of them, and the instrument itself expressly so states.

Powers v. Morrison, 88 Tex. 133, 30 S. W. 851, 28 L. R. A. 521, 53 Am. St. Rep. 738, cited by appellants, holds that grandchildren of an intestate take by substitution, and not through their parents. That case decides *how* they take, but *what* they take is defined by the laws of descent and distribution. Article 2577 and article 2578, R. S. 1925, both recite that "such descendants shall inherit only such portion of said property as the parent through whom they inherit would be entitled to if alive." If Mrs. Stovall had been alive at the death of her father, she would have inherited nothing from him.

■ In view of these statutes and the authorities above cited, we conclude that Mrs. Stovall, when she accepted the advancement made to her by her father in 1907, and released to others her expectancy in his estate, not only precluded herself from any participation therein, but also effectively cut off any right in her children to do so.

This case presents an entirely different issue from that discussed by Judge Gaines in Powers v. Morrison, supra. In that case the court held that the grandchildren inherited the interest of their deceased father in the grandfather's estate free from the debts of their father to the grandfather, even though, had the father been alive upon the death of his father, his inheritance would have been so charged. The debts of the father to the grandfather were personal obligations, which did not pass to his children upon his death. The grandfather could have collected them out of the father's estate, if the father had possessed one, or such obligations could have otherwise been discharged, without affecting the inheritance from the grandfather. The instant case presents no such question.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.