## BAKER et al. v. MOW et al.
### No. 7534.

Court of Civil Appeals of Texas. Austin.
Nov. 26, 1930.

Rehearing Denied Dec. 23, 1930.

W. Marcus Weatherred, of Coleman, for appellants.

Dibrell & Starnes, of Coleman, for appellees.

BAUGH, J.

This is the second appeal of this case. The opinion of this court on the former appeal is reported in 12 S.W.(2d) 1091; and that of the Supreme Court on writ of error granted in 24 S.W.(2d) 1, 3, 68 A. L. R. 405. The facts are fully set out in those decisions, to which we refer, and will not be repeated here. The second trial of the case resolved itself into a partition suit between the grandchildren of W. B. Baker, deceased, as plaintiffs, and Sallie Baker, his second wife, and their three children, as defendants. From the judgment of partition, the defendants have appealed.

The trial court awarded to the four grandchildren of Baker, jointly, a one-fourth interest in Baker's estate. Appellants insist that under articles 2571, 2577, and 2578, R. S. 1925, and the holding of the Supreme Court on the former appeal, and because W. B. Baker had eight children, the grandchildren were entitled only to a one-eighth interest. We do not sustain this contention. Five children were born of the first marriage of Baker; and three were born of his second marriage, who with their mother, surviving widow of Baker, are appellants here. He purchased from the first five children their interest in their mother's estate, together with their expectancy in his estate. As to four of these children, this conveyance was upheld on the former appeal. As to the other child of the first marriage, who predeceased her father and left surviving her the four children, appellees here, the conveyance of her expectancy was held void as to them.

The assignment on the former appeal, sustained expressly by the Supreme Court, was: "W. B. Baker, having died intestate, subsequent to the death of his daughter, Emma Stovall, her surviving children, Cameron Stovall, Florice Stovall, Cary Stovall and Callie Livingston Millard, grandchildren of said W. B. Baker, deceased, are entitled to the same share in the estate of W. B. Baker, deceased, that their mother, Emma Stovall, would have been entitled to inherit had she survived her father, and had she not executed a conveyance of her expectancy, because said plaintiffs inherit through and direct from their grandfather and not through their mother."

By the sale to their father of their expectancy, the four children of the first marriage, whose conveyance was upheld, removed themselves by express agreement from the operation of the laws of descent and distribution. There remained then as his lineal heirs the three children of the second marriage and the children of Emma Stovall. If Emma Stovall had survived her father and had not executed the conveyance of her expectancy, she and the three children of the second marriage would have shared equally in their father's estate, thus entitling her to a one-fourth interest. Her four surviving children then, though they inherit directly from their grandfather, would, under the holding of the Supreme Court, supra, be entitled to her one-fourth interest.

At the time of W. B. Baker's death, there was left in the hands of his surviving widow, after payment of community debts, the sum of $3,707.30 belonging to the community estate of himself and his second wife. There had theretofore been expended for improvements and deferred purchase-money notes out of community funds of the second marriage, on the lands involved, a total of $2,582.50. An undivided one-half interest in these lands belonged to the separate estate of W. B. Baker, and the other one-half to the community estate of himself and his second wife. One-half of said $2,582.50 was therefore properly charged against the separate estate of W. B. Baker and in favor of the community estate of himself and his second wife, as found by the court. Accordingly, the court properly and correctly distributed said funds between all parties interested after having made such charge.

The trial court rendered judgment in favor of the four children of Emma Stovall for $320, as their portion of moneys on hand against Sallie Baker and the three children, naming them, of the second marriage; and decreed that, should they fail or refuse to pay that amount into the registry of the court within a specified time to satisfy such judgment, appellees have their execution therefor against all of the appellants jointly and severally. The record discloses, however, that all of said funds had at all times been in the hands of, and under the complete control of, Mrs. Sallie Baker, the surviving wife; and that she had never paid any part of same to her three children, joint defendants with her below and joint appellants here. No execution was therefore authorized as against her three children, and execution should, under the court's findings, have been confined to Sallie Baker alone. In so far, therefore, as the trial court's judgment provides for execution, if necessary, against her three children, co-defendants with her, same is reformed so as to authorize such execution, if necessary, only against the appellant Sallie Baker alone. In all other respects the trial court's judgment is affirmed.

Appellant Mrs. Sallie Baker not having sustained her appeal in any respect, all costs of this appeal are adjudged against her.

Reformed and affirmed.