**L. N. ASBECK et al., Appellants (In the Matter of the Estate of Ben Asbeck, Deceased),**

v.

**Jack ASBECK, Appellee.**

**No. 7424.**

Court of Civil Appeals of Texas.
Texarkana.

Nov. 6, 1962.

Rehearing Denied Dec. 11, 1962.

W. T. McNeil, Cullen B. Vance, Edna, for appellants.

David C. Whitlow: Whitlow & Cole, Victoria, for appellee.

CHADICK, Chief Justice.

This is an appeal from an adjudication naming the heirs at law of an intestate, Ben Asbeck, and the distributive share of each heir in the decedent's estate. The judgment of the trial court is affirmed. The

opinion dated July 24, 1962, is withdrawn and this filed instead of it.

The action originated in the County Court of Jackson County during the pendency of a probate proceeding styled "In the Matter of the Estate of Ben Asbeck, deceased". The appellee, Jack Asbeck, intervened as an adopted child of Eddie Asbeck, claiming in his adoptive status as an heir at law of Ben Asbeck. The County Court denied Jack Asbeck's claim of adoption, and he appealed to the District Court of Jackson County. In his trial pleadings in the District Court Jack Asbeck alleged that he was the adopted son of Eddie Asbeck on the theory of adoption by estoppel, and as such entitled to inherit a ⅕th portion of Ben Asbeck's estate, and in addition, as a grand-nephew of Ben Asbeck entitled to inherit a ⅟₄₀th part of such estate. In accordance with favorable jury answers to special issues submitting the theory of adoption by estoppel judgment was rendered awarding Jack Asbeck the shares in Ben Asbeck's estate that he claimed.

Ben Asbeck, Eddie Asbeck, Will Asbeck, Charlie Asbeck, Louis Asbeck,[1] and Emma Asbeck Power were brothers and sister. Will, Charlie, Eddie and Emma predeceased their brother Ben whose death occurred in 1959. Ben was not survived by mother, father, wife or child. Will, Charlie and Emma were survived by numerous children and grandchildren, and they together with the surviving brother, Louis Asbeck, were respondents in the district court suit and are appellants here. Eddie Asbeck fathered no child, and unless he adopted Jack Asbeck he was not survived by a natural or adopted child at death in 1954. He, Eddie Asbeck, died testate and willed his entire estate to his surviving wife.

Jack Asbeck, the appellee, is the natural son of Norman Asbeck, also deceased, who was a son of Will Asbeck, one of the brothers initially named above. Jack Asbeck, therefore, is the natural grand-nephew of both Ben Asbeck, whose estate is involved in this action, and of Eddie Asbeck, by whom Jack claims to have been adopted.

Decision on the appellant's third point of error controls the disposition of the appeal. The issues raised by the point are complex and do not lend themselves to simple solution or easy explanation. The point reads:

"The evidence having failed to show that the Appellee, Jack Asbeck, was adopted in accordance with the provisions of Section 9 of Article 46a of the Revised Civil Statutes of Texas, as amended, the Court erred in holding that Appellee, Jack Asbeck, could inherit from a collateral kindred, Ben Asbeck."

When Ben Asbeck died in 1959 the law of descent and distribution vested the title of Ben's estate in Louis, Ben's surviving brother, and the living descendants of Ben's deceased brothers and sister. Mow v. Baker, Tex.Com.App., 24 S.W.2d 1, 68 A.L.R. 405; Powers v. Morrison, 88 Tex. 133, 30 S.W. 851, 28 L.R.A. 521; Sections 37, 38, Subd. (a), par. 3, and 43, Probate Code, V.A.T.S. To sum up, on the basis of the cited authority, at Ben's death Louis Asbeck and the living descendants of Ben's deceased brothers and sister succeeded to and were directly vested with title to Ben's estate in their own right as Ben's heirs, and no part of Ben's estate descended to or vested in Ben's then deceased brother, Eddie Asbeck.

Jack Asbeck claims a ⅕th share of the Ben Asbeck estate because those in privity of estate with Eddie Asbeck are estopped to deny that Eddie adopted Jack as his child. His claim of estoppel is founded upon an agreement made by Eddie Asbeck with Jack Asbeck's parents that he, Eddie Asbeck, would adopt Jack as his child, and

1. To minimize confusion caused by constant repetition of the surname Asbeck, members of the family will frequently be referred to by their familiar given name.

proof of fact showing that Jack was taken into Eddie Asbeck's home with the intent and purpose on Eddie's part of adopting him, Jack conducting himself towards Eddie Asbeck and performing as Eddie's child, and Eddie on his part conducting himself towards Jack as Jack's father, and leading Jack to believe that he, Eddie, had adopted him as his son, etc.

■ As related earlier, Eddie Asbeck died testate in 1954, and devised his estate to his surviving wife. The conclusion has also been expressed that as Eddie Asbeck predeceased his brother Ben, he Eddie, was not Ben's heir, and no part of Ben's estate descended to him. Too, it is settled law that a so-called "adoption by estoppel" of a child is binding upon the privies of the adopting parent. Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906. Texas Law Review, Vol. 36, issue No. 11, November, 1957, p. 30. And "Privity", as here used, is the legal relationship between parties incident to succession on the part of one party to an estate or interest formerly held by the other. 1 Freeman on Judgments, 959, Sec. 438; 72 C.J.S., Privity p. 954, et seq.; "Judgments", 34 T.J. (2) 441, Sec. 402. It follows that as no appellant takes or claims an interest in the Ben Asbeck estate in succession to Eddie Asbeck, there can be no privity of estate between appellants and Eddie Asbeck.

■ A judgment of adoption by estoppel binding the privies of Eddie Asbeck is not conclusive against the appellants, and as to them does not fix the adoptive status of Jack Asbeck. An estoppel in pais operates only on parties to the transaction and their privies. Buckner's Orphan Home v. Berry, Tex.Civ.App., 332 S.W.2d 771, N.R.E.; Harris v. Mayfield, Tex.Com.App., 260 S.W. 835; 31 C.J.S. Estoppel §§ 130, 131 and 132. So far as the appellants' interest in Ben Asbeck's estate is concerned, the interest passed to the appellants free and clear of any claim Jack Asbeck might assert because of his adoption under equitable principles.

Appellee, Jack Asbeck, cites Rothman v. Gillett, Tex.Civ.App., 315 S.W.2d 956, N.R.E., as authority supporting the proposition that a child adopted by estoppel inherits from collateral kindred to the same extent as a child adopted in accordance with statutory adoption procedures. The case is not controlling here. Examination of the opinion reveals the underlying facts to be distinctly different from the facts of the instant case. In Rothman the parties claimed and proved adoption in accordance with statutory adoption procedures applicable at the time of the event.[2] In addition, adoption by estoppel was found on the basis of other facts proven.

The record in the instant case does not contain pleading or proof of attempted compliance with statutory adoption procedure. The equity power of the District Court was simply invoked by Jack Asbeck to estop the privies of Eddie Asbeck from asserting an adoption was not consummated as between Jack and Eddie's privies. What has previously been said demonstrated, it is thought, that Jack Asbeck was not proven to be an adopted child of Eddie Asbeck so far as the administration and distribution of Ben Asbeck's estate is concerned, and Art. 46a, Subd. 9, and Sec. 40 of the Probate Code can have no application in the distribution of Ben Asbeck's estate.

Appellant's point 3 is sustained and that portion of judgment of the trial court awarding Jack Asbeck a one-fifth share in the Ben Asbeck estate as the adopted child of Eddie Asbeck is reversed and judgment is rendered that he take nothing in that capacity, and the judgment, modified to reflect this action, is affirmed.

2. See the first three paragraphs of the Court of Civil Appeal's opinion. Examination of the record of the case in the Court of Civil Appeals and the Supreme Court confirms this statement. A vivid discussion of the Rothman case by Hon. Winston McMahon appears in Texas Bar Journal, Vol. 23, Issue No. 8, dated Sept. 23, 1960, page 537.