**Ada T. INGRAM, Appellant,**

v.

**Gladys Mae MEDFORD et al., Appellees.**

**No. 7942.**

Court of Civil Appeals of Texas.

Texarkana.

April 1, 1969.

---

Pat C. Beadle, Clarksville, for appellant.

Marion A. Lawson, Clarksville, Wm. M. Coats, Houston, for appellees.

FANNING, Justice.

This is an appeal from a declaratory judgment determining that appellant, Ada T. Ingram, was not entitled to an interest in the estate of Maude Ingram, deceased, as the residuary legatee under the will of J. A. Ingram, deceased, in a case tried upon an agreed statement of facts before the court without the aid of a jury.

J. A. Ingram died testate, leaving his wife, Ada T. Ingram, as residuary legatee; he also left surviving him a daughter and two grandchildren by a deceased daughter. Maude Ingram, the unmarried sister of J. A. Ingram, died intestate about four years after the death of her brother J. A. Ingram; she left two surviving sisters, a brother, and several nephews and nieces who were descendants of deceased brothers and sisters.

Appellant contends that she, Ada T. Ingram, the widow of J. A. Ingram, is entitled to that share of the Maude Ingram estate which would have gone to J. A. Ingram, had he survived his sister Maude, because appellant Ada T. Ingram was residuary legatee of J. A. Ingram's will.

Appellant relies upon § 58 of the Texas Probate Code, V.A.T.S., which provides that a testator may devise " * * * [an] expectancy * * * which he has, or at the time of his death shall have, * * * subject to the limitations prescribed by law." Said section 58 is copied in full below.[1]

J. A. Ingram had an expectancy that he might receive something from his sister's estate, and had his sister Maude preceded him in death, and had she died intestate, he would have inherited a share. However, at the time of his death he had not lived to see his expectancy "fall into possession", as such term is referred to in Hale v. Hollon, 90 Tex. 427, 39 S.W. 287, 36 L.R.A. 75 (1897).

When Maude Ingram died, about four years after the death of her brother, J. A. Ingram, the law of descent and distribution vested the title of Maude Ingram's estate in the appellees, who were her surviving sisters, surviving brother, and her surviving nephews and nieces hereinbefore referred to. Consequently, appellees succeeded to and were directly vested with title to Maude Ingram's estate in their own right as Maude's heirs, and no part of Maude's estate descended to or vested in Maude's then deceased brother, J. A. Ingram. Mow v. Baker, Tex.Com.App., 24 S.W.2d 1, 68 A.L.R. 405 (1930); Powers v. Morrison, 88 Tex. 133, 30 S.W. 851, 28 L.R.A. 521 (1895); Sections 37, 38, Subd. (a), pars. 3 and 43, Texas Probate Code, V.A.T.S.

Under the agreed and undisputed facts in the record, the trial court rendered a correct judgment.

The judgment of the trial court is affirmed.

---

1. "Every person competent to make a last will and testament may thereby devise and bequeath all the estate, right, title and interest in possession, expectancy, reversion, or remainder, which he has, or at the time of his death shall have, of, in or to any lands, tenements, hereditaments, or rents charged upon or issuing out of them, or shall have of, in or to any personal property whatever, including choses in action, subject to the limitations prescribed by law."