# JANUARY, 1946

RAILROAD COMMISSION OF TEXAS ET AL V.
MACKHANK PETROLEUM COMPANY.

No. A-541. Decided November 14, 1945.
Rehearing overruled January 2, 1946.
(190 S. W., 2d Series, 802).

394

*Grover Sellers*, Attorney General, *Fagan Dickson, George W. Barcus*, for the State of Texas, *Black, Graves & Stayton* and *John W. Stayton*, for the W. R. R. Oil Company, Petitioners.

The Court of Civil Appeals error in holding invalid the order of the Railroad Commission exempting from its former shutdown order the two wells on the W. R. R. Mission River Lease in view of testimony showing that more oil would be ultimately produced from the field, and waste prevented, if the two wells were permitted to be kept on production, and not be shut down. Railroad Commission v. Shell Oil Co., 139 Texas 66, 161 S. W. (2d) 1022; Marrs v. Railroad Commission, 142 Texas 293, 177 S. W. (2d) 941; Railroad Commission v. Magnolia Petroleum Co., 130 Texas 484, 109 S. W. (2d) 967.

*Vinson, Elkins, Weems & Francis*, and *Chas. I. Francis*, all of Houston, for respondent.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

Mackhank Petroleum Company, respondent, brought this action against the Railroad Commission to set aside and cancel certain named orders entered by the Commission prorating the production of oil in the New Refugio Field in Refugio County. W. R. R. Oil Company, an operator in the field, intervened, assuming the status of a defendant. All of the orders attacked by respondent were set aside and cancelled by the trial court. On appeal, the Court of Civil Appeals reversed and rendered the trial court's judgment in part and affirmed it in part. 186 S. W. (2d) 351.

The basic order under attack allocates the oil allowable in the field on a per well basis of 57 barrels of oil per well per day with seven shutdown days per month. This order was set aside and cancelled by the trial court, but its judgment in that regard was reversed by the Court of Civil Appeals and judgment rendered validating the order. The Commission by special order granted exemptions from its general shutdown order to two wells owned by W. R. R. Oil Company. Its order in that regard was also set aside and cancelled by the trial court and the Commission was enjoined from issuing similar orders in the future. That part of the trial court's judgment was affirmed by the Court of Civil Appeals.

■■ The particular orders under review cover designated periods of time which have long since terminated. But the case appears not to be moot, for the judgment not only cancelled those orders but went further and permanently enjoined the Commission from enforcing in the future, as against respondent's wells, like orders based on the same method of allocation and the same or similar exemptions from shutdown orders.

The Commission and W. R. R. Oil Company have filed a joint application for writ of error attacking only that part of the trial court's judgment, affirmed by the Court of Civil Appeals, cancelling the exemption order. Respondent Mackhank Petroleum Company filed no application for writ of error, but in oral argument on submission and in its brief filed here it presses the proposition that the granting of the application of petitioners brought the whole case to this court, and that as a consequence "this court has not only the right but the duty also to determine whether or not the judgment of the Court of Civil Appeals was correct in reversing and rendering that part of the case which related to the general field proration order based on a per well allowable." It calls upon us to reverse a part of the judgment

of that court without our having before us any application for writ of error containing an assignment of error challenging its correctness. We are not authorized to do this. The Supreme Court is not clothed with supervisory powers over courts of civil appeals, but in cases which reach it by writ of error its review is limited to questions of law raised by assignments in the application. Rule 476 provides, in part, "Trials in the Supreme Court shall be only upon the questions of law raised by the assignments of error in the application for writ of error, * *." That rule sanctions a practice long obtaining in this court. The latest expressions of this court upon the question coming to our notice were made in Vanover v. Henwood, 136 Texas 348, 150 S. W. (2d) 785; Cherry v. Farmers Royalty Holding Co., 138 Texas 576, 160 S. W. (2d) 908; and Texas Employers' Ins. Ass'n. v. Lightfoot, 139 Texas 304, 162 S. W. (2d) 929. In each of those cases, as here, the defendant in error who filed no application for writ of error sought to have this court reverse, in part, the judgment of the Court of Civil Appeals, and it was held in each that the jurisdiction of this court had not been invoked in his behalf to grant him any relief from that judgment. Our review will, therefore, be limited to the question presented by petitioners.

■ The application for writ of error filed by petitioners and granted by this court contains but one point of error. It reads as follows:

"The Court of Civil Appeals, after correctly holding that it was necessary, in order to keep two wells on the W. R. R. Mission River lease on production, to exempt these two wells from petitioner's general shutdown orders, then erred in holding that petitioner's orders exempting these two wells from its general shutdown orders are invalid upon the ground that the problem presented might be solved by closing these two wells in and by transferring their regular allowables to the third and last well on W. R. R.'s Mission River lease."

The question raised by this point is a narrow one. Obviously, W. R. R. Oil Company is enjoying an advantage by the exemption of two of its wells from the shutdown order. Those wells are permitted to produce their assigned allowables every day of each month while all the wells of respondent are shut down seven days in each month. But our question is not whether one producer is entitled to an advantage over another producer in the same field. Rather it is whether the order of the Commission exempting the two wells from the general shutdown order "is reasonably supported by substantial evidence before the court."

Railroad Commission v. Shell Oil Company, 139 Texas 66,161 S. W. (2d) 1022. If there was substantial evidence before the court reasonably supporting the conclusion that, in order to prevent waste it was necessary to keep the two wells on production, then the exemption order was not invalid.

■■ The Court of Civil Appeals has found ample support in the evidence for the Commission's general order prorating the production in the field on the per well basis and has validated that order. It has also found ample support in the evidence for the conclusion that the two wells covered by the exemption order would not flow under the general field allowable, which we construe as a finding that, to prevent the destruction of those wells, it was necessary to exempt them from the general shutdown order. Manifestly, the Commission would not undertake to destroy those wells. Confronted with this problem the Court of Civil Appeals undertook to solve it by striking down the exemption order on the ground that full relief could be afforded W. R. R. Oil Company by closing down those two wells and transferring their regular allowables to a third well. We cannot agree with this solution of the problem by the Court. It may be that the problem can be solved by an order of the Commission transferring the allowables from the two wells to the third well, but that is a question of administration to be decided by the Commission. The Court cannot strike down an administrative order on the ground that the evidence heard by the Court indicated that a more equitable one could be entered. That procedure would be destructive of uniformity of administration. The sole question for decision by the Court in this case is the validity of the exemption order, that is, whether such order was reasonably supported by substantial evidence. The fact that the two wells would have been destroyed had they not been exempted from the shutdown order is within itself supporting evidence of the validity of the exemption order. The advantage gained by W. R. R. Oil Company from such exemption should be overcome by some order other than an order by the court striking down the exemption.

The effect of the judgment of the court invalidating the exemption while upholding the basic order of the Commission might well be to destroy the two wells and otherwise work much damage and cause much waste. The court is in no position to determine whether the third well is capable of producing the allowables of three wells. It has not been clothed with the power or the facilities for making such a determination.

Our conclusion is that the Court of Civil Appeals fell into

error in affirming that portion of the trial court's judgment which cancelled the exemption order. Accordingly, that portion of the trial court's judgment and of the judgment of the Court of Civil Appeals which affirmed same will be reversed and the exemption order of the Commission validated. That portion of the judgment of the Court of Civil Appeals which reverses and renders the portion of the judgment of the trial court cancelling the general proration order is not properly challenged here and will, therefore, be left undisturbed.

Judgment of the Court of Civil Appeals reversed in part and undisturbed in part and that of trial court reversed and rendered.

Opinion delivered November 14, 1945.

Rehearing overruled January 2, 1946.