Lloyd J. ROTHMAN, Appellant,

v.

Elizabeth E. GILLETT et al., Appellees.

No. 15927.

Court of Civil Appeals of Texas.

Fort Worth.

June 27, 1958.

Rehearing Denied Sept. 19, 1958.

Martin, Moore & Tackett, Fort Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, John H. McBryde, Whitfield J. Collins, and Howard Barker, Fort Worth, for appellees Elizabeth E. Gillett, Individually and as Temporary Administratrix of the Estate of Norman J. Felder, Deceased, and Winifred Mercedes Watson.

Thorp A. Andrews and Travis Alley, Fort Worth, for appellees Cecil Crichet, Mildred Crichet, and Walter Coggeshall.

MASSEY, Chief Justice.

This is a suit to determine heirship. A Mrs. Alice McMullen died, leaving a sizable part of her estate to pass by the statutes of descent and distribution.

Of important blood kinship, Mrs. McMullen left as her heirs a half brother, Walter Coggeshall, and a natural son of a full sister, the appellant Lloyd J. Rothman. However, Elizabeth E. Gillett and Norman J. Felder, deceased, were the adopted children of a full sister of Mrs. McMullen; and Mrs. Winifred Mercedes Watson and Mrs. Mildred Crichet were the adopted children of another full sister.

Since proceedings incident to the administration of Mrs. McMullen's estate indicated a necessity to determine heirship, the executor made application to the probate court therefor. The question turned upon whether the aforesaid adopted persons (and the heirs of Norman J. Felder, deceased) were to be treated for purposes

of heirship as though they held "blood kinship" with the deceased. Judgment in the probate court was to the effect that they should so be treated and considered, with the proportion in which each should share in the proceeds of the estate decreed.

Lloyd J. Rothman excepted and appealed to the District Court of Tarrant County, Texas, where trial was held before a jury upon the verdict of which judgment was rendered as in the probate court. From that judgment Rothman, as appellant, has appealed to this court.

Judgment is affirmed.

█ It is our conclusion, and the parties to the appeal seem to agree, that the most important question to be resolved is whether or not, in view of the language of the statutory law which was in effect on the date Mrs. McMullen died (on or about November 27, 1954), persons who had been adopted under the provisions of law which was superseded by said statute should be accorded the same rights as therein provided for those persons adopted under the statute.

The statute which was in effect on the material date was Vernon's Ann.Tex.St., Article 46a, under Title 3, "Adoption", an article dealing with proceedings for adoption, hearing and rights of adopted children, and in particular Section 9, "Status of adopted child". The section was an amended portion of the article as theretofore existed, the amendment having been adopted pursuant to Acts 1951, 52nd Leg., p. 388, ch. 249, sec. 3. The effect of the amended Section 9 was to provide that adopted children should, pursuant to adoption decree, be treated and considered in all respects under the law as though they were the natural born children of adoptive parents. Specifically, it was provided that their inheritance rights would be the same as though they were natural born children of adoptive parents, including the right to inherit from collateral kindred of such adoptive parents.

At first glance conditional provisions and rights granted under said Section 9 are the opening words of the paragraph in which they are contained, to-wit: *"When a minor child is adopted in accordance with the provisions of this Article, * * *."* (Emphasis added.) It is the presence of these words which occasions the legal question presented to us as part of appellant's points on appeal. Appellant contends that in view of the fact that appellees who had been adopted by deeds of adoption, all recorded prior to 1920, executed in accordance with the provisions of old, outmoded and superseded statutes of adoption and indeed before the Article itself, amended or not, was ever any part of the law of this state, they are not to be permitted to inherit from collateral kindred as provided in cases of adoption according to the statute of 1951. Contrarily, the interested appellees contend that the amendment extended to and included them despite the fact that their adoptions were not pursuant to proceedings therein outlined and were formalized long prior to the date it became law.

Under the record made in the case there is no question but that all these appellees were "lawfully adopted children" of their adoptive parents. Their status in this respect was occasioned by and incident to the form and procedure of their adoption, and under and by reason of the provisions of V.A.T.S., Art. 46b (as originally enacted and as amended), which validated their adoptions and the instruments under which their adoptions were intended to be effected.

We are of the opinion, and so hold, that in the enactment of the 1951 statute the Legislature intended for the appellees and others in like situation to come within the terms and provisions of Section 9 of Art. 46a, and be entitled to all the inheritance rights therein recited, despite the presence of the words upon which appellant predicates his contrary contention. In view of the fact that the Probate Code, V.A.T.S., became a part of our Texas law on January

1, 1956, pursuant to Act of the Fifty-fourth Legislature,—and in view of the fact that Section 40 of the Probate Code provides, "For purposes of inheritance under the laws of descent and distribution, an adopted child shall be regarded as the child of the parent or parents by adoption, such adopted child and its descendants inheriting from and through the parent or parents by adoption and their kin the same as if such child were the natural legitimate child of such parent or parents by adoption * * * ", it seems to us that a discussion and analysis of the authorities upon which we base our conclusions and resultant holding aforesaid will be of little or no value in the future. In all reasonable probability the clarifying provision now to be found in the Probate Code will control any case not already approaching or in the appellate courts. In future cases, where right of inheritance from collateral kindred is made an issue, the date of death of the decedent will in all probability be subsequent to January 1, 1956 (when the Probate Code went into effect). The remote possibility that the constitutionality of the pertinent section of this Code might be successfully challenged does not persuade us to embark upon such a discussion and analysis. Therefore, we will forego any such. The parties litigant here are conversant with the authorities and the judge of the trial court reduced his opinion to writing, along with an analysis with which we are in accord. No good reason appears for extending the length of this opinion in a discussion.

■ Remaining points on the appeal are predicated upon the contention that the appellees who are adopted children were improperly permitted to testify as to transactions and conversations between them and their adoptive parents, under the theory that such testimony is inhibited under the "dead man's" statute, and that the evidence in the case was insufficient to support the judgment to the effect that they, or at least all of them, were legally adopted.

Article 3716, V.A.T.S., the "dead man's" statute, provides that "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." In the instant controversy the subject matter is the estate of Mrs. Alice McMullen. The appellees are interested in her estate and claim rights therein. They might be claiming rights in the estates of their deceased adoptive parents as heirs, but they are not doing so by this suit, therefore any inhibition of the statute would not extend to transactions with them in the instant litigation. It is as to transactions with the decedent whose estate is involved in the suit that the inhibitions of the statute might be applicable. We find no part of the admitted testimony affected thereby.

The test to determine whether testimony relates to a transaction with the deceased is that if the witness testifies falsely and the deceased, if living, could controvert the testimony of his own personal knowledge, then such testimony is barred. Dakoff v. National Bank of Commerce, Tex.Civ.App. Dallas 1952, 254 S.W.2d 550, error refused. Although no transaction with Mrs. McMullen was involved as part and parcel to any of the adoption proceedings, it is also evident that she could not have been able to controvert the testimony relating thereto of her own personal knowledge. See also Roberts v. Yarboro, 1874, 41 Tex. 449; Chambers v. Apple, Tex.Civ.App. Fort Worth, 1936, 94 S.W.2d 1206, writ dism.

To detail the evidence in the statement of facts would unduly lengthen the record. We have observed that there was a deed of adoption executed, or attempted to be, in accordance with the provisions of the statutory state law in effect at the time,

as to each of the adopted appellees. Any defect therein was cured in view of the original Act in validation of prior adoptions and subsequent Act in enlargement thereof. V.A.T.S., Art. 46b. The deeds of adoption were all filed of record before 1920.

Not only was it shown that each of said persons lived with his or her adoptive parent or parents after the date of adoption, yielding and receiving appropriate affection, duties and obligations of the relationship, but competent testimony prima facie established the identity of each to be that of the individual named on his or her deed of adoption through both direct and circumstantial evidence. Such testimony was in no way controverted by appellant.

In our opinion it is unnecessary to pass to the question of whether the evidence proved the adoptions by estoppel. Appellant contends an insufficiency of proof thereof, additional to his contention that the evidence was otherwise insufficient. The question would be of importance only had we agreed with appellant on the insufficiency of the evidence of adoption or on the insufficiency of proof of the identity of appellees as the individuals adopted. Not having agreed there is no necessity to pass upon the contention.

The judgment is affirmed.