RAILROAD COMMISSION OF TEXAS, Appellant,

v.

OIL PRODUCTION MAINTENANCE, INC., et al., Appellees.

No. 10630.

Court of Civil Appeals of Texas.

Austin.

Dec. 10, 1958.

Rehearing Denied Jan. 7, 1959.

Will Wilson, Atty. Gen., James N. Ludlum, First Asst. Atty. Gen., James W. Wilson, Wayland C. Rivers, Jr., Asst. Attys. Gen., for appellant.

McKay & Avery, Austin, for appellees.

GRAY, Justice.

This appeal is from a judgment setting aside an order of the Railroad Commission and permanently enjoining the enforcement of that order.

Appellees, Oil Production Maintenance Inc., Jack Perry and Sam Trant, were the owners of the working interests in, and the operators of, a gas well in the Mykawa, New Field in Harris County and appealed from an order of the Commission placing the well under Statewide Rule 6(b) for a period of six months from May 1, 1958.

On April 28, 1958 the Commission issued the following notice:

"To All Operators in the Mykawa, New Field, Harris County, Texas:

"In Re: Trice Production Company-Statewide Rule 6(b) classification for City of Houston Prison Farm Well No. 1 and its producing reservoir in the Mykawa, New Field, Harris County, Texas.

"Gentlemen:

"This is to advise that the Commission, at a formal conference held April 28, 1958, ruled that effective May 1, 1958, Jack Perry's T. N. Hostetter Well No. 1 and The Texas Company's R. E. Smith Well No. 1, should be restricted to Statewide Rule 6(b) for a temporary period of 6 months during which time Trice Production Company will make periodic observations in their City of Houston Prison Farm Well No. 1 so as to determine whether there is any effect on the Trice Production Company well.

"At the same conference, the Commission ruled that Trice Production Company be required to conduct a temperature survey on their City of Houston Prison Farm Well No. 1 so as to determine whether a casing leak exists in this well. The results of this temperature survey should be in the hands of the Commission's Engineering Department by May 15, 1958."

We quote the relevant portions of Rule 6(b) supra:

"Any gas well producing from the same reservoir in which oil wells are completed and producing shall be allowed to produce daily only that amount of gas which is volumetric equivalent in reservoir displacement of the gas and oil produced from that oil well in the reservoir which withdraws the maximum amount of gas in the production of its daily oil allowable."

It appears that in 1954 the Commission classified the Mykawa, New Field, as a piercement type salt dome field. Thereafter various gas wells, including appellees', were completed in the field, and on November 21, 1957 the Trice Prison Farm No. 1 was completed as an oil well. It further appears that prior to the complained of order the gas wells in the field were operated as nonassociated wells.

What we have just said conclusively shows that the complained of order has now (December 10, 1958) expired by its own terms. It then becomes necessary for us to

determine whether the judgment of the trial court prevents this cause from being moot. After setting aside the complained of order and declaring it to be of no force and effect said judgment proceeds as follows:

"(2) Defendants, their employees and representatives are permanently enjoined and restrained from placing in effect and enforcing, and from keeping in force and effect, and from attempting to enforce, the action and orders of the Railroad Commission of Texas (effective May 1st, 1958) heretofore taken and entered in its Oil and Gas docket by virtue of which the Jack Perry T. N. Hostetter Well No. 1, Mykawa New Field, Harris County, Texas, is placed under the restrictions of the Commission's Statewide Rule 6 (b); provided, however, that nothing herein shall prohibit the defendant Commission from, in the future, taking action or entering any other orders pertaining to said well on a reasonable basis as permitted by law and not herein otherwise prohibited."

When this cause was submitted to this Court we were of the tentative opinion that the same would become moot before our judgment could become final. Since the submission, due to the serious injuries sustained by Associate Justice Hughes, his absence from the Court and the press of other business, the preparation of this opinion has been delayed.

We pretermit any further statement of the facts and any discussion of the merits of the cause because it is our opinion that it is now moot and our judgment, whatever it might be, could neither be announced nor become final prior to the time the order expired.

The trial court's judgment supra shows that the trial court went no further than to cancel the complained of order and enjoin its enforcement. The judgment has no effect on future like or similar orders of the Commission as was the case in Railroad Commission v. Mackhank Petroleum Co., 144 Tex. 393, 190 S.W.2d 802, where the judgment permanently enjoined the Commission from enforcing future like orders.

Since no judgment can be entered in this cause that can become effective prior to the expiration of the complained of order the cause is moot and the only order to be entered is one reversing and setting aside the judgment of the trial court and dismissing the cause. Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863; University Interscholastic League v. Sims, 133 Tex. 605, 131 S.W.2d 94; Speed v. Keys, 130 Tex. 276, 109 S.W.2d 967.

The judgment of the trial court is reversed and set aside and this cause is dismissed.

Reversed and set aside and cause dismissed.

HUGHES, J., not sitting.