G. H. VAUGHN, III, et al., Appellants,

v.

G. H. VAUGHN, Jr., et al., Appellees.

No. 15499.

Court of Civil Appeals of Texas.

Dallas.

July 24, 1959.

Rehearing Denied Oct. 23, 1959.

Biggers, Baker, Lloyd & Carver, Ralph D. Baker and Monty C. Barber, Dallas, for appellants.

Storey, Armstrong & Steger, E. Taylor Armstrong and James T. Berry, Dallas, for appellees.

CRAMER, Justice.

This action involves, among other matters, the construction of certain portions of a will of G. H. Vaughn, dated April 16, 1954, and seeking a declaratory judgment. Testator Vaughn directed in his will, paragraph "C" thereof, that " * * * If, as, and when any child of my son, G. H. Vaughn, Jr. is born after my death, the trustees shall immediately create and establish, as hereinafter provided, a new, separate, and distinct trust for the benefit of such child of my said son, and each such separate and distinct trust shall be designated by the name of the particular child of my said son born after my death for whose benefit the particular trust is created."

Testator Vaughn died November 8, 1955. Subsequently, testator's son, G. H. Vaughn, Jr. who had one natural son born March 14, 1952, adopted a male child on November 27, 1956.

The trial court found that a child adopted after the death of G. H. Vaughn, by G. H. Vaughn, Jr. was a child of my son "born after my death," and entitled to have a new,

separate, equal, and distinct trust created under Paragraph (C) of Section IV of the will.

Seven additional findings were made by the court giving the same rights to the adopted child, as if he were a natural child of G. H. Vaughn, now deceased, in construing the will.

The trial court in its judgment decreed as follows:

"It Is Therefore, Ordered, Adjudged And Decreed By The Court:

1. (a) That a new, separate, equal and distinct trust be created under paragraph (C) of Section IV of the will of G. H. Vaughn, such trust to be designated by the name of Gary William Vaughn. (b) That a new, separate, equal and distinct trust be created under the terms of Section IV of said will for each child who may be hereafter legally adopted by G. H. Vaughn, Jr. or J. C. Vaughn and who was born after the death of G. H. Vaughn; 2. That under the terms of subparagraph (8) of paragraph (C) of Section IV of said will, if a natural born child of G. H. Vaughn, Jr. dies without descendants then surviving, or dies with descendants surviving and then all such descendants shall die, then an aliquot portion of such corpus shall be delivered, subject to the other appropriate provisions of the will, to Gary William Vaughn if living, or if not, to his descendants, if any living; 3. (a) That under the provisions of subparagraph (9) of paragraph (C) of Section IV, Gary William Vaughn shall be regarded as a child of G. H. Vaughn, Jr. (b) That under the provisions of subparagraph (9) of paragraph (C) of Section IV, the descendants of Gary William Vaughn shall be regarded as descendants of a child of G. H. Vaughn, Jr.; 4. That under the provisions of subparagraph (10) of paragraph (C) of Section IV, Gary William Vaughn shall be regarded as a descendant of a child of G. H. Vaughn; (b) That under the provisions of subparagraph (10) of paragraph (C) of Section IV, the descendants of Gary William Vaughn shall be regarded as descendants of a child of G. H. Vaughn; 5. (a) That under the provisions of subparagraph (10) of paragraph (C) of Section IV, Gary William Vaughn, if he be living at the appropriate time, shall be considered in determining the heirs at law of G. H. Vaughn under the statutes of descent and distribution of the State of Texas, (b) That under the provisions of subparagraph (10) of paragraph (C) of Section IV, Gary William Vaughn, if he be not living at the appropriate time, but his descendants are then living, the descendants of said Gary William Vaughn shall be considered in determining the heirs at law of G. H. Vaughn under the statutes of descent and distribution of the State of Texas; 6. (a) That under the provisions of subparagraph (10) of paragraph (D) of Section IV, Gary William Vaughn shall be regarded as a descendant of a child of G. H. Vaughn, (b) That under the provisions of subparagraph (10) of paragraph (D) of Section IV, the descendants of Gary William Vaughn shall be regarded as descendants of a child of G. H. Vaughn; 7. (a) That under the provisions of subparagraph (10) of paragraph (D) of Section IV, Gary William Vaughn, if he be living at the appropriate time, shall be considered in determining the heirs at law of G. H. Vaughn under the statutes of descent and distribution of the State of Texas, (b) That under the provisions of subparagraph (10) of paragraph (D) of Section IV, in the event Gary William Vaughn is not living at the appropriate time but his descendants are then living, such descendants of the said Gary William Vaughn shall be considered in determining the heirs at law of G. H. Vaughn under the statutes of descent and distribution of the State of Texas; 8. That for all purposes in determining the beneficiaries and construing the rights under the terms of the will of G. H. Vaughn, deceased, Gary William Vaughn and his children or more remote descendants or any of them shall be entitled to the same benefits as the natural children born unto G. H. Vaughn, Jr. and J. C. Vaughn after the death of G. H. Vaughn and their children or

remote descendants; and any child legally adopted under the laws of the State of Texas by G. H. Vaughn, Jr. and/or J. C. Vaughn who were born after the death of G. H. Vaughn shall be considered the child, descendant, and heir at law of the adoptive father and the grand-child, descendant, and heir at law of G. H. Vaughn, deceased."

It also appears that the estate of the testator was of the approximate value of five million dollars, at the time of his death, of which appellees' share will be approximately eight hundred thirty thousand dollars, should a trust be created for him under the will.

In the interest of clarity, Gary William Vaughn and the class which he represents will be hereinafter referred to as the appellees and the remaining defendants will be referred to as the appellants, as the executors and trustees under testator's will, though nominally parties plaintiffs, have no interest in the outcome of the suit, but merely sought a construction of the will.

Appellants brief five points of error.

Point one asserts error in ordering that a new, separate, equal and distinct trust be created under Paragraph (C), Section IV of the will of testator, G. H. Vaughn, deceased, for the benefit of Gary William Vaughn, adopted November 7, 1956, by G. H. Vaughn, Jr. a son of testator, after testator's death on November 8, 1955.

Point one is countered that the trial court did not err in so ordering that a new, separate, equal and distinct trust be created under paragraph (C) of Section IV of the will of Testator G. H. Vaughn, deceased, for the benefit of Gary William Vaughn, adopted November 27, 1956 by G. H. Vaughn, Jr. a son of testator, after testator's death on November 8, 1955.

Section 9 of our Adoption Statute, Art. 46a, Vernon's Texas Civil Statutes, provides, material here, as follows: "When a minor child is adopted in accordance with the provisions of this Article, all legal relationships and all rights and duties between such child and its natural parents shall cease and determine, and such child shall thereafter be deemed and held to be for every purpose the child of its parent or parents by adoption as fully as though naturally born to them in lawful wedlock * * *. For purposes of inheritance under the laws of descent and distribution such adopted child shall be regarded as the child of the parent or parents by adoption, such adopted child and its descendants inheriting from or through the parent or parents by adoption and their kin the same as if such child were the natural legitimate child of said parent or parents by adoption, and such parent or parents by adoption and their kin inheriting from and through such adopted child, the same as if such child were the natural legitimate child of such parent or parents by adoption * * *. Nothing herein shall prevent anyone from disposing of his property by will according to law. Such adopted child shall be regarded as a child of a parent or parents by adoption for all other purposes as well, except that where a deed, will or other instrument uses words clearly intended to exclude children by adoption, such adopted child shall not be included in such class * * *."

The parties contentions are in substance as follows: "It is Appellants' position that the last quoted sentence of this section is inapplicable to the will of an adoptive grandparent. Their reasoning in favor of this construction may be paraphrased in terms of a syllogism as follows: "A. *Major Premise*. In Texas, as well as in virtually all other jurisdictions, an adopted child, in the absence of specific statutory provisions, is not entitled to take under a gift to 'children' in the will of an adoptive grandparent in spite of the fact that the adoption statute makes him a child of his adoptive parents 'for all purposes' and gives him the right to inherit from his adoptive grandparent. B. *Minor Premise*. Section 9 of Art. 46a was not intended to change the law previously existing in Texas and other jurisdictions regarding the right of an adopted child to take under the will of his

adoptive grandparents. C. Therefore, Gary William Vaughn is not entitled to take under the will of G. H. Vaughn, Sr. his adoptive grandparent."

There is no question that the language used in Sec. 9 of Art. 46a, V.A.C.S. above quoted was intended to confer on all children adopted, from the date of its effectiveness, inheritance rights enjoyed by the natural legitimate child of their parents by adoption. In addition, the wording of Sec. 9, Art. 46a, V.A.C.S. and the duly perfected adoption of Gary William Vaughn, by G. H. Vaughn, Jr. gave to Gary William Vaughn, all the inheritance rights of a natural legitimate son of G. H. Vaughn, Jr. not only from the adoptive father, but as stated in Art. 46a, Sec. 9, V.A.C.S.: " * * * inheriting from and through the parent or parents by adoption *and their kin* the same as if such child were the natural legitimate child of such parent or parents by adoption."

Point one is overruled.

Point two asserts error in the holding that the provision in Section IV (C) of testator's will reading: " 'When any child of my son G. H. Vaughn, Jr. is born after my death' is applicable to a child adopted by G. H. Vaughn, Jr. after the death of the testator G. H. Vaughn."

Point two is countered that: "The trial court did not err in holding that the provision of Section IV (C) of testator's will reading ' * * * when any child of my son G. H. Vaughn, Jr. is born after my death is applicable to a child adopted by G. H. Vaughn, Jr. after the death of testator, G. H. Vaughn.' "

Here, as under point one, Sec. 9, Art. 46a, V.A.C.S. is applicable, and the adopted child is entitled to the inheritance rights set out in Sec. 9, Art. 46a, V.A.C.S. Rothman v. Gillett, Tex.Civ.App., 315 S.W.2d 956. (Writ ref. N.R.E.).

Point two is overruled.

Point three asserts error of the trial court in holding the provisions of the will of the testator G. H. Vaughn, relating to descendants, apply to descendants of any adopted child for whom a new, separate and distinct trust is created under Paragraph (C) Section IV of the will of G. H. Vaughn, deceased.

Point three is countered there is no evidence in holding the provisions of the will of testator G. H. Vaughn relating to descendants, apply to descendants of any adopted child for whom a new, separate and distinct trust is created under paragraph (C) of Section IV of the will of G. H. Vaughn, deceased.

Art. 46a, Sec. 9, V.A.C.S. provides that: " * * * such adopted child and its descendants inheriting from and through the parent or parents by adoption and their kin the same as if such child were the natural legitimate child of such parent or parents by adoption, and such parent or parents by adoption and their kin inheriting from and through such adopted child the same as if such child were the natural legitimate child of such parent or parents by adoption * * *".

Point three is overruled.

Point four asserts error in the trial court in holding Gary William Vaughn, an adopted child and his descendants, "shall be regarded as descendants of a child of G. H. Vaughn, deceased."

Point four is countered there was no error in the holding that Gary William Vaughn, an adopted child, and his descendants, shall be regarded as descendants of a child of G. H. Vaughn, deceased.

What we have stated under other points is applicable here, and Art. 46a, Sec. 9, V.A.C.S. is controlling.

Point four is overruled.

Point five asserts error of the trial court in holding the descendants of the adopted child, Gary William Vaughn, shall be regarded as descendants of a child of G. H. Vaughn, Jr. under the provisions of the will of G. H. Vaughn, deceased.

Point five is countered there was no error in holding the descendants of the adopted child of G. H. Vaughn, Jr. shall be regarded as descendants of a child of G. H. Vaughn, Jr. under the provisions of the will of G. H. Vaughn, deceased.

The last will of G. H. Vaughn, deceased, being clear, not ambiguous or uncertain, we must give legal effect to its expressed wording.

Point five is overruled.

Finding no reversible error in the trial court's judgment, it must be affirmed.

It is so ordered.