**Jack ASBECK, Petitioner,**

v.

**L. N. ASBECK et al., Respondents.**

No. A-9424.

Supreme Court of Texas.

July 10, 1963.

Rehearing Denied July 31, 1963.

Whitlow, Cole & Seerden, Victoria, for petitioner.

W. T. McNeil, Cullen B. Vance, Edna, for respondents.

CALVERT, Chief Justice.

This suit originated in the probate court of Jackson County as a proceeding to declare the heirs of Ben Asbeck, deceased, and to establish their respective interests in his estate.

Ben Asbeck died in 1959, intestate, and was not survived by mother, father, wife or child. When he died, title to his estate passed to and vested in those taking under our laws of intestate succession.

Jack Asbeck, petitioner, is the natural child of Norman Asbeck, nephew of Ben Asbeck, and a grandson of Will Asbeck, brother of Ben Asbeck, both of whom had died before the trial and entry of judgment herein. As a grandnephew of Ben, petitioner has been awarded a $\frac{1}{40}$th interest in his estate under the laws of descent and distribution. That interest is not questioned. But petitioner also claims title to an additional $\frac{1}{5}$th interest in the estate as the adopted child of Eddie Asbeck, brother of Ben, who predeceased Ben. It is this interest which is in controversy. Petitioner's claim to the $\frac{1}{5}$th interest is contested by a surviving brother and descendants of deceased brothers and a deceased sister of Ben.

Petitioner does not claim that he was formally adopted by Eddie Asbeck according to any statutory procedures. Rather, his claim is based on an adoption by estoppel.

The probate court denied petitioner's claim. On appeal to the district court, certain issues were tried by a jury. The jury made findings which in a proper case would support a judgment based on estoppel, conferring on petitioner all of the rights of an adopted child of Eddie. Based on the jury findings, the district court rendered judgment awarding the $\frac{1}{5}$th interest to petitioner as an adopted child. The Court of Civil Appeals reversed the judgment of the district court and rendered judgment that as to the $\frac{1}{5}$th interest petitioner take nothing. 362 S.W.2d 891.

We affirm the judgment of the Court of Civil Appeals.

A reading of the opinion of the Court of Civil Appeals discloses that judgment was rendered against petitioner for one reason and one reason only: that as a matter of law estoppel to deny the adopted status of petitioner does not operate against respondents because there is no privity of estate between petitioner and respondents. Nowhere in petitioner's Motion for Rehearing in the Court of Civil Appeals or his Application for Writ of Error, and in no manner, by assignment, point of error, argument or otherwise, is the correctness or propriety of that holding challenged and we have no jurisdiction to review it. Rules 469(c) and 476, Texas Rules of Civil Procedure; Railroad Commission v. Mackhank Petroleum Co., 144 Tex. 393, 394, 190 S.W. 2d 802, 803; Shambry v. Housing Authority of City of Dallas, 152 Tex. 122, 255 S.W.2d 184. Since the judgment of the Court of Civil Appeals can, and does, rest on that holding, its judgment must be affirmed.

Petitioner seems to assume that the findings of the jury establishes his status as that of an adopted child of Eddie Asbeck. Based on that assumption, he argues that Sec. 9 of Art. 46a, Vernon's Texas Civil Statutes, and §§ 3(b) and 40, Texas Probate Code, V.A.T.S. confer on him the same right of intestate succession as if he were a natural child of Eddie. We need not decide that question, for the assumption is unsound. We have only recently held in Heien v. Crabtree, Tex.Sup., 369 S.W.2d 28, that "equitable adoption" and "adoption by estoppel" does not create and establish a status of parent and child as does a legal adoption.

The judgment of the Court of Civil Appeals is affirmed.

GREENHILL, Justice (concurring).

This case was before the Court at the same time as Heien v. Crabtree. The two cases were argued to the Court on the same day. The opinion in the Heien case was handed down first. Heien v. Crabtree, Tex. Sup., 369 S.W.2d 28. My views on adoption by estoppel in Texas were expressed in a dissenting opinion in that case.

Because the principles announced in Heien v. Crabtree have become controlling, I concur in the result reached by the Court in this case.