Juanita MAY, Appellant,

v.

Leona May CURRY et vir, Appellees.

No. 100.

Court of Civil Appeals of Texas.

Tyler.

Dec. 3, 1964.

Rehearing Denied Jan. 14, 1965.

Charles F. Umphress, Dallas, for appellant.

Henry Stollenwerck, Dallas, for appellees.

---

SELLERS, Justice.

This is a trespass to try title case brought by Leona May Curry and husband, Allie Curry, against Juanita May, individually and as community survivor of Gaston Plummer May, involving the title to a one-half interest in certain land belonging to the estate of Gaston P. May, deceased. The facts being undisputed, the court entered summary judgment for Leona May Curry for the title and possession of a one-half interest to said property from which judgment the defendant has duly prosecuted this appeal.

On August 14, 1920, John L. May executed his Deed of Adoption, adopting Jocie Leona Riley as his lawful heir. This deed was recorded on August 16, 1920, as provided for in Deed of Adoption. Jocie Leona Riley, adopted daughter of John L. May, is the same person as Leona May Curry, the appellee herein. John L. May is the father of Gaston P. May who died intestate on May 6, 1963, and at the time of his death was the owner of the property herein involved which was his separate property. Gaston P. May died, survived by a wife but no children, no brothers or sisters, or neither father nor mother. The title to the property revolves itself into a dispute between the surviving wife of Gaston P. May and the adopted daughter of his father, the appellee herein, and this presents the legal question of whether the appellant herein is entitled under the law of descent and distribution to inherit from the natural son of her adoptive father. In other words, does one adopted by Deed of Adoption which only made her an heir of the adopting parent at the time she was adopted authorize her to inherit from her adoptive father's son by marriage under the laws of this state in force on the date of the death of the son who died intestate on the 6th day of May, 1963.

The appellant in a very able brief in which the attorney analyzes the law under

the old Deed of Adoption, as well as the cases construing the present adoption statutes, and contends that the present statutes, if they give the appellee the right to inherit from her adopted parent's son, would be a retroactive law and void under the Constitution, Article 1, Section 16, of the Texas Constitution, Vernon's Ann.St., and Article 1, Section 10 of the Constitution of the United States. He likewise makes other attacks on the present adoption statutes here involved insofar as they undertake to confer on the appellee the right to inherit under the facts in this case. This court has concluded that we are unable to sustain any of appellant's contentions due to the interpretation of the law on the subject in the case of Rothman v. Gillett, 315 S.W.2d 956, by the Fort Worth Court of Civil Appeals in which writ of error was refused, no reversible error. In this case the Fort Worth Court had before it the direct question of the right of adopted children under Deeds of Adoption to inherit from collateral kin of the adopted parents under the present statutes of adoption by legal proceedings. After reviewing the same points made here by appellant, the court arrived at the conclusion that the adopted heirs were entitled to inherit from the collateral kin of the adopted parents. We quote from this case as follows:

"The statute which was in effect on the material date was Vernon's Ann. Tex.St., Article 46a, under Title 3, 'Adoption', an article dealing with proceedings for adoption, hearing and rights of adopted children, and in particular Section 9, 'Status of adopted child'. The section was an amended portion of the article as theretofore existed, the amendment having been adopted pursuant to Acts 1951, 52nd Leg., p. 388, ch. 249, sec. 3. The effect of the amended Section 9 was to provide that adopted children should, pursuant to adoption decree, be treated and considered in all respects under the law as though they were the natural born children of adoptive parents. Specifically, it was provided that their inheritance rights would be the same as though they were natural born children of adoptive parents, including the right to inherit from collateral kindred of such adoptive parents.

"At first glance conditional provisions and rights granted under said Section 9 are the opening words of the paragraph in which they are contained, to-wit: '*When a minor child is adopted in accordance with the provisions of this Article,* * * *.*' (Emphasis added.) It is the presence of these words which occasions the legal question presented to us as part of appellant's points on appeal. Appellant contends that in view of the fact that appellees who had been adopted by deeds of adoption, all recorded prior to 1920, executed in accordance with the provisions of old, outmoded and superseded statutes of adoption and indeed before the Article itself, amended or not, was ever any part of the law of this state, they are not to be permitted to inherit from collateral kindred as provided in cases of adoption according to the statute of 1951. Contrarily, the interested appellees contend that the amendment extended to and included them despite the fact that their adoptions were not pursuant to proceedings therein outlined and were formalized long prior to the date it became law.

"Under the record made in the case there is no question but that all these appellees were 'lawfully adopted children' of their adoptive parents. Their status in this respect was occasioned by and incident to the form and procedure of their adoption, and under and by reason of the provisions of V.A. T.S., Art. 46b (as originally enacted and as amended), which validated their adoptions and the instruments under which their adoptions were intended to be effected.

"We are of the opinion, and so hold, that in the enactment of the 1951 statute the Legislature intended for the appellees and others in like situation to come within the terms and provisions of Section 9 of Art. 46a, and be entitled to all the inheritance rights therein recited, despite the presence of the words upon which appellant predicates his contrary contention. In view of the fact that the Probate Code, V.A.T.S., became a part of our Texas law on January 1, 1956, pursuant to Act of the Fifty-fourth Legislature,—and in view of the fact that Section 40 of the Probate Code provides, 'For purposes of inheritance under the laws of descent and distribution, an adopted child shall be regarded as the child of the parent or parents by adoption, such adopted child and its descendants inheriting from and through the parent or parents by adoption and their kin the same as if such child were the natural legitimate child of such parent or parents by adoption * * *',"

 We are convinced that the court here gave the present statutes a retroactive effect in order to reach its conclusion. 2 C.J.S. Adoption of Children § 63. But this does not render the statutes void for the reason no vested right of the adopted child or adopted parent were destroyed. McCain v. Yost, 155 Tex. 174, 284 S.W.2d 898:

"A statute cannot be said to be a 'retroactive law' prohibited by the Constitution, unless it can be shown that application of the law would take away or impair vested rights acquired under existing law. Vernon's Ann.St.Const. art. 1, § 16."

In Volume 2, American Jurisprudence, 2nd Edition, Sec. 109, p. 951, the Rothman case is cited as holding that the law in effect at the time of the death of the intestate controls:

"In most cases, however, in which the question has arisen, the statute in force at the time of the death of the intestate has been held to be controlling, and has been applied in determining the right to inherit in cases of adoption effected prior to the enactment or amendment of the statute."

Finding no error in the record, the judgment of the trial court is affirmed.