**A. J. HAMILTON et al., Appellants,**

v.

**Lela Kate BUTLER et vir, Appellees.**

**No. 4023.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 19, 1965.

Rehearing Denied Dec. 17, 1965.

Yates & Yates, Edmund C. Yates, Abilene, for appellants.

Eplen, Daniel & Ames, J. Neil Daniel, Abilene, for appellees.

GRISSOM, Chief Justice.

A. J. Hamilton and others, nephews and nieces and grandnephews and grandnieces of T. R. Rhodes, deceased, sued Lela Kate Butler alleging they were the heirs at law of T. R. Rhodes, and as such entitled to recover 53 per cent of his estate. Mrs. Butler's claim to said property was based upon the following established facts: T. R. Rhodes died intestate in 1963. He left no surviving wife or child. His only child who survived infancy was Forrest E. Rhodes. Forrest E. Rhodes and wife, in 1925, executed, acknowledged and filed for record a written statement adopting Lela Kate Butler which complied with the statute on adoption then in force. In other words, Mrs. Butler was legally adopted by Forrest E. Rhodes. In 1943, Forrest E. Rhodes, died intestate. He left no surviving wife. Said adopted daughter was his only surviving child. Mrs. Butler claims ownership by reason of such statutory adoption in 1925, and the 1955 Probate Code; that upon the death of T. R. Rhodes intestate, she inherited his property through Forrest E. Rhodes and that, in legal effect, she is the only grandchild of T. R. Rhodes and his sole heir at law.

In Section 38 of the Vernon's Ann.Probate Code it is provided that when a man dies intestate, leaving no wife, his property shall descend and pass first to his children or their descendants. Section 40 provides that "For purposes of inheritance under the laws of descent and distribution, an adopted child shall be regarded as the child of the parent or parents by adoption, such adopted child and its descendants inheriting from and *through the parent* or parents *by adoption and their kin* the same as if such child were the natural legitimate child of such parent or parents by adoption * * *." (Emphasis ours). It is evident that the legislature intended to give to adopted children the same right to inherit from and through adoptive parents and their kin that was possessed by natural children.

The rule is established that the rights of an adopted child are determined by the law in effect at the death of the person from whom they seek to inherit, rather than the law in force at the time of his adoption. Martinez v. Gutierrez, Tex.Com.App., 66 S.W.2d 678; Volume 2, American Jurisprudence, 2nd Ed., Sec. 109, p. 951.

In Rothman v. Gillett, Tex.Civ.App., 315 S.W.2d 956 and May v. Curry, Tex.Civ. App., 385 S.W.2d 603, it was held that children adopted by deeds of adoption in accordance with the statute under which Mrs. Butler was adopted were entitled to inherit from the collateral kindred of the adoptive parents. In both of said cases the Supreme Court refused a Writ with the notation N.R.E. It is inconceivable that the Supreme Court could have so refused writs if it had entertained the same view as appellants. It must have been of the opinion that the statute in effect when T. R. Rhodes died entitled the adopted child of his son, under the stated circumstances, to inherit through her adoptive parent the same as if she were the natural child of said adoptive parent. Chapter 2 of the Probate Code contains the law of descent and distribution in Texas. Section 40 thereof, giving the right to inherit to adopted children, has been the controlling law relative thereto since its effective date, towit, January 1, 1956. It was the law controlling such in-

heritance when T. R. Rhodes died in 1963. In Section 38 children or "their descendants" are named as the first persons entitled to take the estate of a person dying intestate. Persons in the category of appellants are put in third place. Said statutes designate appellee, as the sole descendant of the only child of T. R. Rhodes, to take T. R. Rhodes' said property.

In an excellent brief, appellants contend that the decisions in Rothman v. Gillett and May v. Curry, supra, are wrong and that the decision herein conflicts with that in Hoch v. Hoch, 140 Tex. 475, 168 S.W.2d 638. We think it is not necessary to consider statutes prior to 1951. In 1951, the 52nd Legislature, Chapter 249, page 388 at its regular session, passed an act amending the acts of 1947 and 1931, including Section 9 of Article 46a. Said section then provided that when a child was adopted *in accordance with its provisions* it should thereafter be held for all purpose to be the child of its adoptive parents the same as though it had been born to them in lawful wedlock and that, for the purpose of inheriting under the law of descent and distribution, such adopted child should be regarded as the child of its parent by adoption, such adopted child and its descendants inheriting from and *through the parent by adoption and his kin* as though born to them in lawful wedlock, the same as if such child were the natural legitimate child of such parent by adoption. This, despite the italicized provision.

■ Appellants contend that an interpretation of the statute that authorizes Mrs. Butler to inherit from T. R. Rhodes through her adoptive father is contrary to, at least, the reasoning in Hoch v. Hoch, 140 Tex. 475, 168 S.W.2d 638. It was there held that a blood brother was the "next of kin" entitled to appointment as administrator over an adopted son. That decision is not based on the statutes controlling the decision of heirship here involved. The 1951 statute on adoption and inheritance was passed eight years after that decision. It, for the

first time, expressly provided that an adopted child should inherit *from and through* the adoptive parents. This statute on inheritance was combined with the adoption procedure statute. In 1955, the 54th Legislature, Chapter 55, page 88, at its regular session, enacted the Texas Probate Code. Chapter 2 thereof contains the present law relative to descent and distribution. It did not disturb the then existing procedure for adoption. With this legislative history in mind, it appears that, in 1955, the Legislature changed, or made more certain, our statutory law relative to descent and distribution as applied to adopted children, left Article 46a of Vernon's Statutes substantially as it was, and placed all laws of descent and distribution in the Probate Code, beginning with Chapter 2. It is evident that the legislature purposely deleted the provision in Article 46a which on its face appeared to apply only to a child adopted under that article and provided for inheritance by adopted children, under the facts of this case, in accordance with Section 40 of the Acts of 1955, which provided that, regardless of prior statutes and decisions, an adopted child should inherit *from and through the adopting parent and his kin,* but leaving the procedure for adoption as it was in 46a of Vernon's Statutes. The effect thereof, as applied to the facts of this case, was to provide that Lela Kate Butler should inherit through her adoptive father, Forrest E. Rhodes, from his father, T. R. Rhodes, as his only grandchild. Being convinced that said act intended to provide for Mrs. Butler to inherit through her adoptive father from his father, it is not necessary to discuss appellants' contentions further.

Our interpretation of the said statutes seems to find some support in the Supreme Court's Per Curiam note refusing a Writ N.R.E. in Johnston v. Calvert, 305 S.W.2d 778, when it said: "We agree with the view * * * that Grant Lindsey, Jr. was not a 'legally adopted child' within the meaning of Article 7118 * * *" and Judge Calvert's statement in Asbeck v. As-

beck, 369 S.W.2d 915, 916, that, in Heien v. Crabtree, 369 S.W.2d 28, the Supreme Court had held that equitable adoption and adoption by estoppel did not create the status of parent and child "as does a *legal* adoption." This opinion was delivered in 1963. It seems to recognize that a legal adoption does establish the status of parent and child so that such a child occupies for purpose of inheriting the same position as that of a natural child. With due deference to the contentions appellants so forcibly present, we hold that said statutes put Mrs. Butler in the same position as that of a natural child of Forrest Rhodes with respect to her right to inherit from T. R. Rhodes as his granddaughter.

All of appellants' points have been considered and are overruled. The judgment is affirmed.