LIFE INSURANCE COMPANY OF NORTH AMERICA, Petitioner,

v.

FIRST NATIONAL BANK OF FORT WORTH, Trustee, Respondent.

No. B–2193.

Supreme Court of Texas.

Feb. 24, 1971.

Rehearing Denied March 31, 1971.

Thompson, Knight, Simmons & Bullion, Timothy E. Kelley and John A. Mackintosh, Jr., Dallas, for petitioner.

Cantey, Hanger, Gooch, Cravens & Munn, Richard L. Griffith, Fort Worth, for respondent.

## ON MOTION FOR REHEARING

STEAKLEY, Justice.

The opinion delivered in this case on December 16, 1970 is withdrawn and the following is substituted therefor.

This is a suit for group insurance death benefits upon an alleged contract between petitioner, Life Insurance Company of North America, and Centeco Inc., covering Frederick L. Davis, the President of Centeco Inc., whose death occurred on September 4, 1966. The suit was instituted against petitioner by respondent, First National Bank of Fort Worth, the Trustee for the beneficiary named by Davis. Both parties filed motions for summary judgment and that of the Trustee was granted by the trial court. This judgment has been affirmed by the court of civil appeals. 453 S.W.2d 310. For the reasons later stated, we have concluded that the judgment of the intermediate court must be affirmed under the counterpoints of respondent asserting waiver by petitioner of its right of review of an independent ground of recovery.

In its suit the Trustee alleged that a contract of insurance covering Davis was formed on or about August 23, 1966 when a proposed plan of group life and health insurance was presented by representatives of petitioner to the employees of Centeco Inc.; and, in the alternative, that such a contract subsequently became effective in September, 1966 when petitioner by action of home office officials accepted the application of Centeco Inc. for the insurance

proposed on the earlier occasion. The Trustee's motion for summary judgment asserted its right to judgment on both theories and that no fact issues existed as to either ground of recovery. The judgment of the trial court contained the following recitation regarding the motion of the Trustee for summary judgment:

> " * * * the court * * * is of the opinion and finds that said motion should be granted on each and both of the theories of recovery stated therein, inasmuch as each of the theories has been established conclusively and as a matter of law by the record already made herein * * *."

The judgment directed petitioner to issue a group policy, as described, to be effective from September 1, 1966 through September 30, 1966, for the sole benefit of the deceased, Frederick L. Davis.

Petitioner appealed from the judgment of the trial court and asserted fourteen points of error, seven of which attacked the judgment of the trial court insofar as it rested on the theory of recovery that the contract to insure was formed in August 1966, and seven of which attacked the judgment insofar as it rested on the finding that the contract was formed at the later date in September. The court of civil appeals affirmed the judgment of the trial court upon the ruling that an effective contract arose on the later occasion by acceptance of the application of Centeco Inc. by petitioner at its home office in September:

> "The judgment [of the trial court] is to be affirmed because of the undisputed fact that LINA [petitioner], through its authorized representative, 'accepted' the application for insurance in behalf of CENTECO and its employees, thereby making effective LINA's contractual obligation to pay life insurance benefits because of the death of Frederick L. Davis."

Petitioner's points of error directed to the theory of recovery based on the earlier

contract, likewise embraced in the judgment of the trial court, were overruled in this manner:

"Our discussion has application to the controlling elements decisive of the result on appeal. In any event we have severally considered every point of error presented to us and overrule all of them."

This was a ruling that sustained the finding of the trial court that the Trustee was also entitled to recover death benefits because of the earlier contract to insure, and as such was a ruling upon which the judgment of the intermediate court may rest. Petitioner did not in its motion for rehearing in the court of civil appeals assign error to the overruling of its points attacking the trial court judgment with respect to this independent ground of recovery and does not complain of this ruling in its application for writ of error. No error having been assigned thereto it is said that petitioner has waived its right of review. London Terrace, Inc., v. McAlister, 142 Tex. 608, 180 S.W.2d 619 (1944). "Trials in the Supreme Court shall be only upon the questions of law raised by the assignments of error in the application for writ of error * * *." Rule 476, Texas Rules of Civil Procedure.[1] This Court said in Railroad Commission v. Mackhank Petroleum Co., 144 Tex. 393, 190 S.W.2d 802 (1946) that "The Supreme Court is not clothed with supervisory powers over courts of civil appeals, but in cases which reach it by writ of error its review is limited to questions of law raised by assignments in the application." It was also there said that Rule 476 sanctions a practice long obtaining in this Court. And see City of Deer Park v. State, 154 Tex. 174, 275 S.W.2d 77 (1955), where this was again delineated.

We say again, as in the last cited case, that the policy of this court of liberal interpretation of points of error to protect litigants from appellate pitfalls cannot be carried to the extent of supplying a point of error on a controlling ruling of a court of civil appeals which has been accepted without complaint. Such is the case here.

Respondent's motion for rehearing is granted; our judgment rendered and entered herein on December 16, 1970, reversing the judgments of the courts below and remanding the cause for trial, is set aside, and judgment is now rendered affirming the judgment of the court of civil appeals.

---

1. See also Rule 458 which requires "Any party desiring a rehearing of any matter determined by any Court of Civil Appeals" to file a motion in writing for a rehearing of the judgment or decision of the court, "in which the assignments of error relied upon for the rehearing shall be distinctly specified," and Rule 469 which in establishing the requisites of an application for writ of error says in subsection (c) that the points of error relied upon must be germane to an assignment of error in the motion for rehearing in the court of civil appeals; and cf. Grayce Oil Co. v. Peterson, 128 Tex. 550, 98 S.W.2d 781 (1936).