## IN THE MATTER OF THE ESTATE OF Florence S. CAISSON, Deceased

Carlos HOUSTON, Kenneth HARP and Nancy CLARK, et al., Natural Heirs of Florence S. CAISSON *v.* Charles E. MOORE and Mary J. HALL, et al., Adoptive Heirs of Florence S. CAISSON

86-29                                              710 S.W.2d 211

Supreme Court of Arkansas
Opinion delivered June 9, 1986

*Laws & Swain, P.A.*, by: *Ike Allen Laws, Jr.*, and *Timothy W. Murdoch*, for appellants.

*Gardner, Gardner & Hardin*, by: *Robert W. Hardin*, for appellee.

JOHN I. PURTLE, Justice. The only question presented in this appeal is whether the adoptive or blood heirs of an intestate decedent inherit the estate of an adopted child. The trial court

held that the law pertaining to descent and distribution at the time of decedent's death controlled. We agree with the trial court.

Decedent was adopted in 1918. The adoption is not challenged in this proceeding. The intestate did not have issue and her adoptive parents predeceased her. There is no factual dispute to be decided.

The current adoption statute, Ark. Stat. Ann. § 56-215 (a)(1)(Supp. 1985) states in part as follows:

> A final decree of adoption . . . terminate all legal relationships between the adopted individual and his relatives, including his natural parents, so that the adopted individual thereafter is a stranger to his former relatives for all purposes including inheritance. . . .

Appellants rely on *Dean v. Brown*, 216 Ark. 761, 227 S.W.2d 623 (1950), and *Dean v. Smith*, 195 Ark. 614, 113 S.W.2d 485 (1938), to support the contention that the law in force at the time of the adoption is controlling on matters of inheritance. Both of the above cases dealt with the right of inheritance by an adopted child. Neither treated the matter of the inheritance from the estate of an adopted child. It does not appear that we have decided this issue previously. We do not hesitate to hold that the law in effect at the time of the death of the adopted child is controlling on matters of inheritance. To hold otherwise would create a myriad of problems and confuse the law.

The right to inherit property does not vest until the death of the owner and the devolution of property is controlled either by common law or statute. The state has sovereign political power to regulate succession to intestate property. *Irving Trust Company v. Day*, 314 U.S. 556 (1942); *Couch v. Couch*, 248 S.W.2d 327 and *Moody v. Hagen*, 162 N.W. 704, Aff. 245 U.S. 633 (1917). The Arkansas General Assembly has enacted Ark. Stat. Ann. § 56-215(a)(1) which clearly states that a decree of adoption terminates all legal relationships between the child and his relatives to the extent that the former (blood) relatives become strangers even for the purpose of inheritance.

We therefore hold the law in effect at the time of the death of an adopted child controls the distribution of his estate. Under our statutes in force at the time of the death of the

218

intestate, the heirs of the adoptive parents inherit to the exclusion of the blood relatives.

Affirmed.