Jake WHEELER and Bobby Wheeler *v.* Gary MYERS and
Donna Kerns

97–396                                    956 S.W.2d 863

Supreme Court of Arkansas
Opinion delivered December 11, 1997

*Joseph H. O'Bryan,* for appellants.

*Malcolm Smith,* for appellees.

DONALD L. CORBIN, Justice. Appellants Jake and Bobby Wheeler appeal the orders of the Prairie County Chancery and Probate Courts, finding that Appellees Gary Myers and Donna Kerns are the heirs of Ervin Myers to the exclusion of Appellants. This appeal was certified to us from the court of appeals on the basis that it presents an issue of first impression; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(d). Appellants' sole point for reversal is that the trial court erred in holding that the right of adopted children to inherit from their natural ancestors is dependent upon the laws on adoption and inheritance in effect at the time of the natural ancestors' deaths. We find no error and affirm.

The essential facts are not in dispute. Appellants and Appellees are the four surviving natural children of Ira Myers. Ira Myers was the sole child of Ervin and Mae Myers. Appellants were adopted by their stepfather Robert James Wheeler in 1961. Ira Myers died in 1973. Ervin Myers died on September 28, 1980, and was survived by his wife Mae. Mae Myers held possession of the property at issue from the time of Ervin Myers's death until her own death in 1995.

Appellants filed a petition in the Prairie County Chancery Court on December 27, 1995, requesting that the court declare and adjudicate the rights to the possession and rental income from the property at issue. Appellees denied all material allegations contained in the petition and filed a counterclaim stating that Appellants had no interest in the property because they had been adopted and had thus ceased to be heirs of Ira Myers. While that action was pending in the chancery court, Appellees filed a petition in the Prairie County Probate Court requesting the court to conduct a hearing to determine the decedent's heirs.

The trial court found that Jake and Bobby Wheeler were legally adopted by Robert James Wheeler in 1961 and that the temporary and final orders of their adoption were not subject to collateral attack. The trial court determined that the right to inherit property does not vest until the death of the owner and that the law in effect at the time of the owner's death is controlling as to matters of inheritance. The court concluded further that

Ark. Code Ann. § 9-9-215 (Supp. 1995)[1], which was passed in 1977 and was in effect at the time of Ervin Myers's death, provides that all legal relationships between the adopted individual and his or her natural relatives, including the right of inheritance, are terminated upon the final decree of adoption. Accordingly, the trial court ruled that the application of section 9-9-215 precluded Jake and Bobby Wheeler from inheriting from their natural grandfather, Ervin Myers.

Appellants do not dispute that the law in effect at the time of Ervin Myers's death would preclude them from inheriting any part of his estate. Thus, the sole issue for our review is whether the trial court erred in ruling that the law in effect at the time of Ervin Myers's death is controlling as to Appellants' rights to inherit from his estate. For the reasons outlined below, we conclude that the trial court's ruling was correct.

Appellants rely heavily on this court's decisions in *Dean v. Smith*, 195 Ark. 614, 113 S.W.2d 485 (1938), and *Dean v. Brown*, 216 Ark. 761, 227 S.W.2d 623 (1950), for the proposition that the law in effect at the time of adoption is controlling. Appellants' reliance is misplaced, however, as both those cases addressed factual situations involving challenges to the validity of the adoption orders themselves. This court held in both cases that the law in effect at the time of the adoption must be applied when attempting to test the validity of the adoption order. Were Appellants questioning the validity of their adoptions in the present case, we would be required to apply the law that was in effect at the time of their adoptions. We decline, however, to extend this legal principle to their assertion that they should be recognized as heirs of their natural grandfather's estate. Furthermore, Appellants concede that the analogy between the *Smith* case and the present one is weak due to the fact that in *Smith*, all of the relevant events, including the children's adoptions and the death of both ancestors, occurred prior to the enactment of the law sought to be applied. Hence, the holdings in those cases are not dispositive of the issue

---

[1] This section was previously codified as Ark. Stat. Ann. § 56-215 (Supp. 1977). There have since been changes in that provision, however, they are not relevant to the issue presented in this case.

at hand. We thus turn to our case law on the rights of inheritance in general.

█ █ This court has long recognized the principle that a living person has no heirs. In *Wallace v. Wallace*, 179 Ark. 30, 13 S.W.2d 810 (1929), this court held:

> In the strictly proper sense of the word, no one is an heir until after the death of the ancestor, and the word signifies one who has succeeded to a dead ancestor; it is used to express the relation of persons to some deceased ancestor, and cannot be applicable to one whose ancestor is living.

*Id.* at 34-35, 13 S.W.2d at 812 (quoting 29 C.J. 290). Similarly, in *Purinton v. Purinton*, 190 Ark. 523, 80 S.W.2d 651 (1935), it was observed that the rights of the decedent's family to inherit from the decedent were fixed and vested as of the date and time of the decedent's death. More recently, this court has reiterated that the right to inherit property is a right that accrues upon the owner's death and that "[o]n a person's death, the rights of his heirs become vested and may not be impaired by subsequent legislation." *Lucas v. Handcock*, 266 Ark. 142, 153, 583 S.W.2d 491, 496 (1979).

Correspondingly, in *Estate of Caisson*, 289 Ark. 216, 710 S.W.2d 211 (1986), upon which the trial court relied for its ruling, this court was presented with the issue of whether the adoptive or blood heirs of an intestate decedent may inherit the estate of an adopted child. As is true in the present case, in *Caisson*, the trial court determined that the law pertaining to descent and distribution at the time of the decedent's death was controlling. This court agreed with the trial court, stating:

> We do not hesitate to hold that the law in effect at the time of the death of the adopted child is controlling on matters of inheritance. To hold otherwise would create a myriad of problems and confuse the law.
>
> The *right to inherit property does not vest until the death of the owner* and the devolution of property is controlled either by common law or statute.

*Id.* at 217, 710 S.W.2d at 212 (emphasis added). Appellants attempt to distinguish this holding on the basis of the relationship of the parties to one another. In effect, they argue that because the facts presented in *Caisson* involved the estate of an adopted child, as opposed to the present facts where the estate is that of a natural ancestor, the holding of that case cannot be applied to the issue at hand. Although, arguably, the holding in *Caisson* was necessarily tailored to the facts of that case, we believe that same rationale should be extended to the present case.

■ Thus, notwithstanding whether the adopted person is the heir or the ancestor or, correspondingly, whether the natural relative is the claimant to the estate or the decedent, the law in effect at the time of the death of the ancestor is controlling on matters of inheritance. As was stated in *Caisson*, "[t]o hold otherwise would create a myriad of problems and confuse the law." *Id.* at 217, 710 S.W.2d at 212. We have found much support for this conclusion amongst the holdings of other jurisdictions. *See, e.g., Black v. Washam*, 421 S.W.2d 647 (Tenn. Ct. App. 1967); *Hamilton v. Butler*, 397 S.W.2d 932 (Tex. Civ. App. 1965); *In re Williams*, 144 A.2d 116 (Me. 1958); *In re Trainor's Estate*, 256 N.Y.S.2d 497 (N.Y. Surr. Ct. 1965).

■ Accordingly, because Appellants' rights to inherit from their natural relatives could not have possibly vested until the time of Ervin Myers's death in 1980, the law in effect at the time of his death is controlling. The trial court thus correctly concluded that section 9-9-215, which had been in effect since 1977, prohibited Appellants from inheriting from Myers's estate.

Affirmed.